JOHN BURTON and JONATHAN CLARK *against* PETER POND.

On the back of an execution, levied on land, and returned to the office of the clerk of the court, from whence it issued, the clerk entered, "received for record," "and recorded," on a certain day ; but the record was not made, at full length, until a subsequent day ; held, that parol evidence was admissible, to prove the precise time when the record was made.

The title to land, derived from the levy of an execution, is not complete, until the execution and return of the officer, have been recorded at full length in the office of the clerk of the court from whence it issued ;—it was, therefore, held, in ejectment, where the plaintiff claimed title by the levy of an execution, and where the action was commenced after the return of the execution, and before it was so recorded, that a copy of the record was inadmissible.

MOTION for a new trial.

This was an action of ejectment for a certain piece of land in *Milford*. The plaintiffs claimed title to the land in question, by virtue of the levy of an execution, in favour of the plaintiffs against the defendant.

On the trial before the Superior Court, the rendering of the judgment, on which the execution issued, and the levy of the execution, were admitted. It was, also, admitted, that on the 15th day of *June*, 1809, and before the commencement of the present action, the execution, with the officer's

June, 1811.

BURTON
v.
POND.

return, was duly recorded, at full length, in the records of the town of *Milford.* The plaintiffs, further, in support of their title, offered in evidence, a copy of the record of the execution, with the officer's return thereof, duly certified by the clerk of the court, from which the execution issued. The return was dated on the 15th day of *June,* 1809; and on the back of the execution, the clerk of the court, made the following *memorandum,* to wit; " Received for record, the 15th day of *June,* 1809, and recorded by *John H. Lynde,* Clerk." It was also admitted on the trial, that the execution was returned to the office of the clerk of the court, at 7 o'clock, in the afternoon of the 15th day of *June,* 1809; and that the original writ in the present action, was prayed out and served, about 10 o'clock, in the evening of the same day: But the execution and the officer's return were not recorded, at full length, in the clerk's office, until several days had elapsed. The defendant objected to the admission of the evidence offered by the plaintiffs, as before stated, on the ground, that at the time of the commencement of the plaintiffs' action, the record of the execution and return, was not completed according to law; and in proof of this, offered the clerk of the court, as a witness, to testify, that the record was not actually made, at full length, and completed, until some days had elapsed after the 15th day of *June,* 1809. This evidence was objected to, by the plaintiffs, on the ground, that parol evidence could not be admitted to contradict the record. The court overruled the plaintiffs' objection, and admitted the witness to testify. He stated, in his evidence, that when the execution was received into his office, the *memorandum* before mentioned, was made on the back of it, and that it was immediately placed among the files in his office, and there remained a few days, until, in the course of business, it was recorded at full length. The court, thereupon, adjudged the copy of the record, offered by the plaintiffs, to be inadmissible: Whereupon, the jury gave their verdict for the defendant. The plaintiffs moved for a new trial, on the ground, that the court erred in admitting the evidence offered by the defendant, and in rejecting that offered by the plain-

VOL. V.          V

June, 1811.

BURTON
v.
POND.

tiffs; which motion was reserved for the opinion of the nine Judges.

*Staples* and *Hoadly*, in support of the motion.

*Daggett* and *N. Smith*, contra.

SMITH, J. This was an action of ejectment; and the plaintiffs claimed title by virtue of the levy of an execution. The action was brought after the execution was returned to the office of the clerk of the County Court, from whence it was issued, and before it was recorded at full length. An entry was made on the back of the execution, in these words: "Received for record, the 15th day of *June*, 1809, and recorded by *John H. Lynde*, Clerk."

The court below, admitted parol evidence to prove the fact, that the execution was not recorded at full length, when the present action was instituted; and thereupon decided, that a copy of the record, could not be given in evidence to the jury.

The question for this Court to determine is, whether the Superior Court erred in admitting the parol evidence, and rejecting the copy of the record? The levying of executions on lands, in payment of debts, is solely authorized by statute; (*a*) there is no common law on the subject. The statute is, therefore, our only guide; from which we find, that the recording an execution in the office of the clerk of the court, from whence it issued, is an essential requisite to the completion of a title; as much so, as any other fact relating to the levy or return of it.

And the fact as to the time when the execution was actually recorded, may be proved by parol testimony. There is no room for the application of the doctrine of relation, in this case. The action was commenced without any title to the land in question;—there was, then, no ouster;—no adverse holding; no wrong; and the plaintiffs had no rights:—all this cannot be supplied by the doctrine of relation.

New trial not to be granted.

(*a*) *Stat. Conn.* tit. 63. c. 1. s. 6.