## COE *against* STOW.

> To effect a transfer of title to land, by levy of execution, the recording of the execution, with the officer's indorsement thereon, by the town-clerk, and the return of it into the office whence it issued, are indispensable requisites.
>
> Though it is generally true, that when all the requirements of the statute have been complied with, the last act has relation to the levy, and the title will be considered as having vested in the creditor, at that time; yet this relation, which is a fiction of law, is never to be adopted to the prejudice of persons, who are not parties or privies to the proceeding.
>
> Therefore, where the land of *A.*, who was co-surety with *B.* for *C.*, was levied on, appraised and set off to the creditor; *A.* then commenced an action against *B.* for contribution; after which the execution, with the officer's indorsement, was duly recorded in the town-clerk's office, and returned into the office whence it issued; it was held, that at the commencement of such action, no transfer of title to the land had been effected, and consequently, *A.* had no legal claim for contribution.

THIS was an action of *assumpsit* for contribution; commenced *July* 31st, 1827.

*Arthur W. Magill* was appointed cashier of the office of discount and deposite of the *Bank of the United States* at *Middletown*, and gave bond, with the plaintiff, the defendant and *Nathan Starr*, as sureties, for the faithful performance of his duty. For a breach of duty an action was brought on such bond, and a recovery was had against *Magill* and his sureties, before the circuit court of the *United States*, for the sum of 40,014 dollars. An execution, issued on this judgment, was, in *June* 1827, levied upon the real estate of *Magill*, to the amount of 7,850 dollars; on the real estate of the plaintiff in *Middletown*, to the amount of 17,065 dollars, 75 cents; and on that of *Starr*, to the amount of 8000 dollars. The real estate of the plaintiff, thus levied on, was appraised and set off, on the

6th of *July* 1827 ; but the execution was not returned to, *Middlesex,* nor recorded in, the town-clerk's office, in *Middletown,* until July, 1831. the 3rd of *August* 1827 ; and it was not returned to, nor recorded in, the office of the clerk of the circuit court of the United States, until the 6th of that month.

The plaintiff, on the ground that such levy was a payment of that amount on the execution, brought this action to recover of the defendant the sum that the plaintiff had so paid on the execution over and above the one third part thereof left unpaid by *Magill.*

A case, of which these are the material facts, was agreed to, and reserved for the advice of this Court as to what judgment ought to be rendered.

*Sherman* and *Storrs,* for the plaintiff, contended, That the title of the plaintiff to the land levied on, was divested from him, at the commencement of this suit, so that his right of action had then accrued. In the first place, the levy and setting off effect the transfer of title ; the return and recording being required merely to give *notice* of the transfer, and to furnish *evidence* of the proceedings. The object of this provision of the statute is the same as that of requiring deeds to be recorded. In both cases, the transfer is complete, as between the parties, without the record ; but purchasers and creditors are to be protected until notice of the transfer is given in the mode prescribed. *Stat.* 57, 8. *tit.* 2. *s.* 76, 77. 1 *Swift's Dig.* 129. *Mc Lellan* v. *Whitney,* 15 *Mass. Rep.* 137.

This is not a question between one attaching creditor and another, or between an attaching creditor and a purchaser : the title has vested, beyond controversy, in the *Bank of the United States.* The only question is, at what point of time it passed out of *Coe,* the present plaintiff.

Then secondly, as the statute does not explicitly decide this question, further light may be thrown upon it, by recurrence to the common law ; the rule being that statutes are to be construed as near as may be to the course of the common law. 6 *Bac. Abr.* 183 (*Gwil.* ed.) At common law, no return of execution on land is necessary. 2 *Caines* 63. *Elegit* and *inquisition* carve out the term, and give right of entry ; the judgment-roll being only evidence that *elegit* issued. 2 *Bac. Abr.* 711. (*Gwil.* ed.)

Thirdly, by the doctrine of relation, all proceedings subse-

*Middlesex,* quent to the levy, related back to the levy ; and every thing
July, 1831. necessary to perfect the title is deemed to have been done at

Coe   that period. *Kimball* v. *Leavenworth,* 2 *Conn. Rep.* 104. cited
*v.*   by *Trumbull, J. Heywood* v. *Hildreth,* 9 *Mass. Rep.* 392.
Stow.   *Brown* v. *Maine Bank,* 11 *Mass. Rep.* 153. 158. *Heath* & al.
v. *Ross,* 12 *Johns. Rep.* 140. The application of the doctrine
to this case, produces no injustice. The plaintiff's land was
taken from him, when it was set off ; and the payment ought,
in justice, to be referred to the same time.

*N. Smith* and *Stanley,* for the defendant, contended, That
the execution and the proceedings thereon did not shew a
right of action, at the commencement of the suit. At that
time, no payment had been made, by the plaintiff ; the title to
his land not having passed from him. The statute prescribes
the mode in which the land of a debtor shall be taken on ex-
ecution ; and he cannot be divested of his title, without a
strict compliance with all the requirements of the statute.
The return and recording required, are *essential ingredients*
in the transfer of title, and not merely evidence of a transfer
previously completed. The absence of these ingredients is as
fatal to a transfer of title, as the want of delivery, in the case of
a deed. If this view is correct, the doctrine of relation can
have no bearing on the case ; as the positive requirements of
a statute cannot be dispensed with, by a *fiction.* The opera-
tion of legal fictions is restricted to the parties to the proceed-
ing. They never operate to the prejudice of third persons.
*Heath* & al. v. *Ross,* 12 *Johns. Rep.* 140. Here, the attempt
is, to create a right of action, by the aid of a fiction, against a
man, who was not a party to the proceeding.

Hosmer, Ch. J. Whether the plaintiff, on the facts in this
case, had a cause of action, at the date and service of his
writ, is the question to be determined.

Payment upon the execution is a fundamental fact, without
which contribution cannot be demanded ; and this indispensa-
ble cause of action could alone exist, by a legal transfer of the
plaintiff's land, before the commencement of his suit.

The transfer of title, by the levy of an execution, is by
virtue of the statute ; and to render it effectual, the requisi-
tions of the law must be strictly observed. The statute re-
quires, in order to the acquisition of title, not only a levy,

appraisement and setting off of the land levied on, but a re- <span style="float:right">*Middlesex.*</span> cording by the town-clerk of the execution, with the officer's July, 1831. return upon it, and a return of the execution duly indorsed, into the office of the clerk whence it issued. Not one of these requisitions can be dispensed with. It is by their united operation, that the levy is complete, and effects a legal transfer of title ; and without the observance of the last act required, nothing is effectually done. Hence, it is unquestionable, that when the plaintiff commenced his action, the execution and return not having been recorded in the office of the town clerk, nor the execution returned to the clerk of the court, the plaintiff's land was not transferred to the execution creditors, but remained his own.

To overcome this difficulty, reliance is had on the doctrine of relation. It has been said, that when the execution, after the observance of the prior requisitions, is returned to the office of the clerk, this last act has relation to the levy, and that the title of the execution creditors is considered as vested in them from that time. That this, as a general proposition, is true, cannot be doubted ; but it is not true universally. The doctrine alluded to is very ancient, and although it involves a fiction, was established for the wisest purposes ; otherwise the death of the execution creditor, after the levy and before the return of the execution to the clerk, the sheriff's going out of office, and other events, that ought to have no operation,—would entirely frustrate the levy. Hence, as was correctly said, in *Heath* & al. v. *Ross,* 12 *Johns. Rep.* 140. " As between the parties to the grant, when the title is consummated, by all the necessary forms, it will relate back to the date ; but this relation, which is a fiction of law, is never to be adopted, when third persons, who are not parties or privies, will be prejudiced thereby." This principle is equally applicable to the levy of an execution. The point has so often been decided, as to become a legal maxim : *In fictione juris, semper existit æquitas.* In *Cooper* & al. v. *Chitty* & al. 1 *Burr.* 20. it was determined, by Lord *Mansfield* and his associates, that the sheriffs of *London* should not be made wrongdoers, by a fictitious relation ; and in *Johnson* & al. v. *Smith,* 2 *Burr.* 945. it was said, by the same court, that they would not endure, that a mere fiction of law, introduced for the sake of justice, should work a wrong, contrary to the real truth and substance of the thing.

Coe.<br>*v.*<br>Stow.

*Middlesex,*
July, 1831.

Coe
*v.*
Stow.

At the commencement of the plaintiff's suit, the execution creditors had acquired no title to the land levied on ; the plaintiff was still the owner of it ; and consequently, he had paid nothing on the execution, and had no cause of action against the defendant. The court would be ill employed in reversing the entire order of things, and, in opposition to the most subtantial justice, to convert a fiction into a fact, and thus give to the plaintiff, and subject the defendant to, a legal right of action, which confessedly did not exist, until several days after the commencement of the plaintiff's suit.

The question under discussion was explicitly decided, by this Court, in *Burton* & al. v. *Pond,* 5 *Day* 160.—a determition, that escaped the research of the counsel in the case.

Ejectment was brought for a certain tract of land in *Milford ;* and the plaintiff claimed title, by virtue of the levy of an execution. The land was duly levied on, and regular proceedings were, had, with the exception only, that the execution although seasonably returned, was not recorded at full length, until after the plaintiff had commenced his suit. The opinion of the court was delivered by the late Judge *Smith.* " The levying of executions on lands," said he, " in payment of debts, is authorized solely by statute : there being no common law on the subject· The statute is, therefore, our only guide ; from which we find, that the recording of an execution in the office of the clerk of the court, whence it issued, is an essential requisite to the completion of a title ; as much so, as any other fact relating to the levy or return of it. And the fact as to the time when the execution was actually recorded, may be proved, by parol testimony. There is no room for the application of the doctrine of relation in this case. The action was commenced without any title to the land in question ; there was then no ouster nor adverse holding, no wrong ; and the plaintiff had no rights. All this cannot be supplied, by the doctrine of relation."

It follows, very clearly, that the evidence offered by the plaintiff, does not support the issue on his part ; and therefore, judgment is advised for the defendant.

The other Judges were of the same opinion, except WILLIAMS, J., who gave no opinion, having been of counsel in the cause.

Judgment to be given for defendant.