JOHN DOWNER v. NOAH B. HAZEN.

Under the statute of 1837, relating to the levy of executions, this court may vacate a levy made prior to the passing of the statute.

A levy of execution, upon real estate, must be completed within the life of the execution, or it is wholly inoperative.

THIS was a petition to this court, preferred at the present term, by John Downer, praying the court to vacate or affirm a levy of an execution in his favor against Noah B. Hazen, upon certain lands in Hartford, in the county of Windsor, described in said petition.

The petitioner set forth, that at the May term of Windsor county court, 1833, he recovered a judgment in his favor against said Hazen, and took out a writ of execution upon said judgment, in due form of law, dated the 7th day of June, 1833, made returnable in sixty days from date, and on the same day delivered said execution to the constable of said Hartford, to levy and collect; that said constable, on the twenty second day of June, 1833, levied said execution on the land described in said petition, and afterwards, on the thirty first day of January, 1834, caused said execution and his return thereon to be recorded in the records of lands in said town of Hartford, and afterwards returned the same into the office of the clerk of the county court, from which it issued; that, by the records of said county court, it appeared that said execution and return were received and recorded by the clerk of said court, on the same thirty first day of January, 1834, which return was made out and dated by said constable on the day and year last aforesaid.

*Charles Marsh*, for petitioner.

*Titus Hutchinson*, for petitionee.

The opinion of the Court was delivered by

REDFIELD, J.—In this case there is no doubt that the levy is void. Although begun within the life of the execution, it was not finished and caused to be recorded, in the office of either the town clerk or the clerk of the court, until more than four months after the execution had expired.

The passing of title to real estate, by levy of execution, from its very nature, must be considered a matter *stricti juris*. It admits of no latitude of construction. The title passes by operation of law, and the prerequisites must be complied with, in the manner pointed out by statute. This

point was adjudged in *Hall* v. *Hall*, 5 Vt. R. 304. The levy is most clearly void.

But we are urged not to adjudge it void, lest that should affect intervening levies. It is a sufficient answer to that objection, that those levies are not now in question and the parties to them are not before the court, and cannot be concluded by the proceedings here.

It is urged, too, that the court have, by the statute, a discretion whether to proceed in this matter, or dismiss it. We do not so consider it. The expression of the statute, " it shall be lawful," is synonymous with *may*, and that has always been held equivalent, in statutes, to *shall*. The court, then, have no alternative. They must, when the case is presented, proceed, and as they find the levy sufficient or not, affirm or vacate it.

As this levy is void, we so adjudge, and the creditor will be permitted to take his execution anew. Whether his lien will be preserved, or not, is not now to be considered. How far vested titles to real estate, can be affected by legislative action, having a retrospective operation, is a grave question, but not properly arising on this petition.