Morton et al. *v.* Edwin,

### George Morton and Philo Clark *v.* John Edwin.

The certificate of a justice of the peace, of the time when an execution and return of levy upon real estate was recorded in his office, is but *prima facie* evidence; and parol evidence is admissible to show the true time when such record was made.

The justice of the peace, who made such record and certificate, may be called as a witness, to prove when the record was in fact made.

The levy of an execution upon real estate is a proceeding *in invitum;* the requirements of the statute are in the nature of a condition precedent, and must have been strictly complied with, in order to pass the title.

*Quære,* Whether it is essential to the passing of the title, that the execution and return must have been recorded at length in the office of the town clerk and of the clerk, or justice of the peace, from whence it issued, within the life of the execution?

But at all events the creditor cannot sustain an action of ejectment against the debtor, founded upon the levy, unless the execution and return have been recorded at length, in both offices, prior to the commencement of the action.

In this case, after judgment had been pronounced, affirming the judgment of the court below, which was in favor of the defendant, the judgment of affirmance, on motion, was not entered up, but the court, *pro forma,* reversed the judgment of the county court and suffered the plaintiff to become nonsuit.

Ejectment for land in Williston. Plea, the general issue, and trial by the court, March Term, 1845,—Bennett, J., presiding.

The plaintiffs claimed title to the premises by virtue of the levy of an execution in their favor against the defendant, and gave in

evidence, among other things, a certified copy of the record of the execution and return of the levy from the office of the justice of the peace who issued the execution. The execution was dated October 10, 1842, and was made returnable in one hundred and twenty days. The officer's return of the levy was in due form, and was dated February 7, 1843; and there was appended to it a certificate, signed by the justice, in these words,—" Received and recorded, February 7, 1843, at six o'clock in the afternoon." To this the defendant objected, and he offered to prove, by the justice who issued the execution, that the record was not in fact made by him until after the expiration of the life of the execution. The plaintiffs objected to this evidence, but the objection was overruled and the justice was introduced as a witness, and testified that the execution was returned to him within its life, and he then minuted upon it the true time when it was received for record, but that he did not in fact record it in his office until after the commencement of this suit. Upon this evidence the court held that the title to the premises did not pass by the levy and rendered judgment for the defendant. Exceptions by plaintiffs.

*C. D. Kasson* for plaintiffs.

1. The important question in this case arises upon the construction of section seventeen of chap. 42 of the Revised Statutes. By comparing that section with sections four and six of chap. 60, it will be noticed, that the language relative to the recording of *deeds* is far more imperative than that relating to the recording of executions. Yet it has been uniformly held, that, as between parties and purchasers with notice, a deed is good without recording. The object of the statute is notice to others. The record in the town clerk's office is sufficient for this, or, if not, the files of the justice are as open to inspection as his records. The actual time of transcribing a deed on the book has always been held to have relation to the time it was *received* into the office for record, and so, when a record is required and is made, the instrument becomes operative from its date, or execution, by retrospect, or relation. *Douglass* v. *Spooner*, N. Chip. 74. Our statute upon this subject seems to be a copy, in most of its phraseology, of the Massachusetts statute; and it has been often held there, that the actual transcribing of the return of

the levy was *unnecessary.* *Ladd* v. *Blunt,* 4 Mass. 403. *McLellan* v. *Whitney*, 15 Mass. 137. *Prescott* v. *Pettee*, 3 Pick. 331. 1 Sw. Dig. 795. 6 T. R. 20. The uniform construction *practically* given to the statute in this State is entitled to great weight, as furnishing evidence of the plain intention of the legislature.

2. We claim, that, as the duly certified copy of the execution and return, offered in evidence, showed them to be recorded, it could not be contradicted by parol. The certificate that the execution is recorded, and of the time when it was received, is part of the *record itself.* *Barnard* v. *Flanders,* 12 Vt. 658. *Durfee* v. *Hoag,* 1 Aik. 286. *Spalding* v. *Chamberlain,* 12 Vt. 538. *Pike* v. *Hill,* 15 Vt. 183.

*D. A. Smalley* for defendant.

1. The levy, under which the plaintiff claims title, is invalid,— the record not having been made in the justice's office within the life of the execution. *Downer* v. *Hazen,* 10 Vt. 418. *Hubbard* v. *Dewey,* 2 Aik. 312. *Hall* v. *Hall,* 5 Vt. 304. Bennett, J., in *Fletcher* v. *Bradley,* 12 Vt. 22.

2. The statute requires, that the execution be recorded,—not merely *received for record.* And such a levy being solely authorized by statute, the directions of the statute must be literally followed, in order to make it valid. The minute made by the justice is not even a part of the process of recording. It constitutes no notice to any one. *Burton* v. *Pond,* 5 Day 162.

3. The evidence of the justice was properly admitted, to show when the record produced was actually made. *Carpenter* v. *Sawyer et al.,* 17 Vt. 122. *Isaacs* v. *Chandler et al.,* cited in *Ib.* *Burton* v. *Pond,* 5 Day 162.

4. Even if the court should be of opinion, that the levy might be recorded after the life of the execution had expired, and that it would then be effectual to pass the title, it would not help the present case, since it appears that the record was not made until after the commencement of this suit.

The opinion of the court was delivered by

Bennett, J. The first question relates to the admissibility of the *parol* evidence, which was offered to show the true time, at which

the execution was recorded in the office of the justice, from whom it issued. In the case of *Olmstead* v. *Hoyt*, 4 Day 436, it was held, that parol evidence was admissible, to show the actual time of praying out a writ, though it contravened its date ; and the same decision was had in *Parkman* v. *Crosby*, 16 Pick. 297 ; and in Connecticut it seems well established, that the return of an officer, whether on *mesne* or final process, is only *prima facie* evidence, and may be disproved by parol ; *Dutton et al.* v. *Tracy*, 4 Conn. 79 ; *Watson et al.* v. *Watson*, 6 Conn. 334. In the case of *Burton* v. *Pond*, 5 Day 162, which was an action of ejectment to recover land set off on execution, the town clerk had endorsed on the execution, these words, "Received for record the 15th day of June, 1809, and recorded by —— Clerk." Yet it was held, that the true time, when the execution was recorded, might be shown by *parol.* The case of *Isaacs* v. *Chandler et al.*, decided in our own · court, Lamoille County (1842) is a full authority for the decision of the court below. See · *Carpenter* v. *Sawyer et al.*, 17 Vt. 122.

In *Hubbard* v. *Dewey*, 2 Aik. 312, it was expressly held, that the respective certificates of the town clerk and magistrate, or clerk of the court, that they have recorded the execution, are but *prima facie* evidence and may be rebutted.

The evidence in this case shows, that the execution was not recorded in the justice's office, until after this suit was commenced. The important inquiry is, shall this defeat the present action ? The statute provides, that "All executions, extended and levied upon real estate, with the return of the officer thereon, being recorded in the office wherein deeds of such real estate are required by law to be recorded, and also returned into the office of the clerk of the court, or justice, from whom such execution issued, and there recorded, shall, as against the debtor in such execution, his heirs and assigns, make a good title to the creditor, his heirs and assigns forever." Rev. St. 240, § 17.

It has always been held, that, to pass the title to real estate under a levy of execution, the statute must have been strictly complied with. It is a proceeding *in invitum*, as was said in *Mitchell* v. *Kirtland*, 7 Conn. 229, and in derogation of the common law. Hence all the statute requisites to the passing of the title must have been complied with. They are in the nature of conditons precedent. The record-

Morton et al. *v.* Edwin.

ing of the execution in each of the offices is as much a prerequisite to the passing of the title, as the levy itself.

The question raised in this case can hardly be considered an open one in this state. In *Hubbard* v. *Dewey*, 2 Aik. 312, it was expressly held, that the title does not pass, until the execution has been recorded at length in both offices; and this has been the doctrine of our courts as often as the question has come before them. See *Hall* v. *Hall*, 5 Vt. 304. *Downer* v. *Hazen*, 10 Vt. 418. The same doctrine has been established in Connecticut, under their statute, which is similar to ours. *Burton* v. *Pond*, 5 Day 162. *Coe* v. *Stow*, 8 Conn. 536.

It is said in argument, that the recording the execution in the justice's office should, by fiction of law, have relation back to the time it was received and filed for record. But a legal fiction is always consistent with equity, and will never be permitted to work a wrong, contrary to the real truth and substance of the thing. The plaintiffs had no title, when they commenced the suit; and there was no eviction, or adverse holding, by the defendant. It would be strange indeed, if all this could be supplied by legal fiction. The defendant is neither party or privy to the proceeding; and a fiction of law will not be adopted to the injury of such person. 5 Day 162. 8 Conn. 536. In the case of a deed, the title passes by the deed, and the only object of the recording is *notice*. In such case, the recording may well have relation back to the time the deed was received and filed by the town clerk for record.

It has been argued, that it is essential to the passing of the title, that the execution should have been recorded in the two respective offices in its life. In the case of *Hubbard* v. *Dewey*, 2 Aik. 312, it is said, it was held to be the duty of the officer to procure the execution to be recorded, not only in the town clerk's office, but also in the office from which it issued; and in *Hall* v. *Hall*, 5 Vt. 304, it is said, the court advance the doctrine, that it is absolutely necessary, that some period should be definitely fixed, in which the doings of the officer should be completed and the rights of the parties fixed. That all this should be done being necessary to the passing of the title, it is claimed that it must be done within the life of the execution; and if not, we are asked, when shall it be done? And after what lapse of time shall it be too late to complete the records, so as to divest the debtor of his title?

11

Morton et al. *v.* Edwin.

It is also said in argument, that the debtor's equity of redemption only runs from the time the legal title passes from him, and that the creditor would not be entitled to possession until six months from the time the debtor is divested of his title; and if the officer might, at any convenient time after the execution had run out, cause it to be recorded in either of the offices, "no certain period" it is said, " could be definitely fixed, in which the doings of the officer should be completed and the rights of the parties fixed."

Though there appears to be much weight in the argument, yet we do not find it necessary to pass upon the question, nothwithstanding the counsel have argued it at length.

To sustain ejectment, the plaintiff must have title, both at the commencement of the suit, and at the time of trial. We all agree, that the recording the execution at length in both offices was essential, and a prerequisite to the passing of the title under the levy. As this was not done, when this suit was commenced, the judgment of the county court must be affirmed.

HALL, J., dissenting. The question in this case is, whether a levy on lands, where the execution was returned into the office of the justice and filed there for record within the life of it, but not actually recorded until after the bringing of the action, is valid, to lay a foundation for a recovery in the suit ?

It was held, in the cases of *Hall* v. *Hall*, 5 Vt. 304, and *Downer* v. *Hazen*, 10 Vt. 418, that, where the officer neglected to make return of the execution within its life, the levy could not afterwards be completed, but was inoperative and void. And although intimations have been thrown out, that a *record* in both the town clerk's and justice's office, *within the life of the execution*, was necessary, to pass the title, yet the question as to the effect of the mere omission to record in the latter office, when the execution had been duly returned there, has never before, that I am aware of, been presented to the court. I therefore consider it an open question.

The statute declares [Rev. St. c. 4, § 17] "that all executions, extended and levied upon real estate, with the return of the officer thereon, being recorded in the office wherein deeds of real estate are by law required to be recorded, and also returned into the office of the clerk of the court, or justice of the peace, from which such execution issued, and *there recorded,* shall, as against such debtor "

&c., make a good title to the creditor.    There is no time specified by the statute, within which these things shall be done ; but as the officer- is commanded in the precept itself to make the return of it, with his doings thereon, into the office of the clerk, or justice, within sixty days, and this being his general and known duty, it has been properly held by this court, that the return should be made by the officer within the life of the execution.    But I find nothing in the statute, extending the duty of the officer beyond the time of making this return into the office of the clerk, or justice, from which the execution issued.    The statute does not prescribe it, as part of his duty, to see that the execution is recorded by the justice.    On the contrary, the statute form of the return, which he is required to make on the execution, declares, that " he returns the execution into the office of the clerk of the court, or justice of the peace, from which it issued, *together with the sum of seventy five cents, that it may be there recorded ;*"—most clearly implying, that, on returning the execution and paying the fees, his duty had ceased, and that the act of recording it in the justice's office was matter for the justice alone, with which the officer had nothing to do.    Finding nothing in the statute requiring the justice to perform this duty in any specified time, I am not prepared to say, that it must be done within the life of the execution.    Indeed, as I think the officer has to the last moment of the execution in which to return it, I must hold that such requirement of the justice would be impracticable.

Nor can I discover any reasons of public policy, which require that this record should be made by the justice, while the execution is in life.    The object of the legislature in requiring this record is not very apparent; at least, it is difficult to discover any very important purpose to be answered by it.    It could not have been required for the purpose of giving notice to creditors and subsequent purchasers, because that object is fully accomplished by the previous record in the town clerk's office.    And it is not very easy to perceive, why the original execution and return, which form a part of the official papers of the justice, and which it is his duty to keep on file and preserve, would not answer any purpose of the debtor and creditor, equally as well as a record of it.

The former statute of Connecticut, like ours, required the execution and return to be recorded in the office of the clerk, or jus-

tice, from which it issued; but that requirement has long since been dispensed with, and the execution is now to be merely returned and kept on file. 1 Swift's Dig. 154–5. The statute of Massachusetts requires that the execution, after the levy and record in the office of the register of deeds, should be "returned into the clerk's office," but without any record there; and it has been held in that state, that, although the title of the creditor is not complete until such return of the execution, yet, that the return may be made at any time, before the levy is offered in evidence of the title of the creditor, the statute not specifying any time for such return being made. *Prescott* v. *Pettee*, 3 Pick. 331.

I suppose the whole object of our statute, in directing the record to be made in the justice's office, was to furnish additional security for the preservation of the evidence of the levy, because I can conceive of no other. The recording is, indeed, a statute requirement and cannot be disregarded. But surely, before determining that such record shall be made within a shorter period than the words of the statute require, and at the peril of rendering the levy void, we ought to find some good object to be answered by such determination. I am induced to think, if the officer make his return of the execution into the office of the justice while it is in life, the levy will not be void, because the justice happens to make the record of it after the sixty days have expired. I come to this conclusion not the less readily, from an apprehension which I strongly entertain, that a contrary determination would unsettle very many titles in the state, which have hitherto been deemed valid.

It is said, however, that, the justice's record in this case not having been made at the time of the commencement of the present suit, the plaintiff's title was then, at all events, incomplete, and that he should not be allowed to recover, whatever may have been the effect of the subsequent recording upon his title. I confess, I should be willing to sustain this action, notwithstanding this objection. I see no insuperable difficulty in treating the time of the recording by the justice as matter affecting the evidence merely, as was done in Massachusetts in *Prescott* v. *Pettee*, in regard to the return of the execution into the clerk's office, and in holding, that the evidence should be sufficient, if it was complete at the time of offering it. I think, also, that we might properly treat the actual trans-

Morton et al. *v.* Edwin.

cribing of the execution upon the justice's record as having relation back to the time of the filing of it, and consider the record as having been made when the execution was received for record by the justice, as is done in the recording of deeds. Considering the very trifling importance of this record by the justice, I should have been well satisfied to sustain the present action upon either of those grounds.

But the mere question of whether the action is prematurely brought, or not, is one of no practical importance; and considering that the case of *Burton* v. *Pond*, 5 Day 160, upon a statute similar to ours, is directly to the point, that an action brought before the actual making of the record is premature, I am induced to assent to the affirmance of the judgment in this case on that ground.

It does not occur to me, that any practical difficulties are likely to arise in regard to the redemption of the land by the debtor, from holding that the execution need not be recorded within the life of it. The statute provides, that the debtor may redeem within six months "*from the time the execution was extended on the land*"; which, as intimated by the court in the case of *Hall* v. *Hall*, may be well treated as the time when the acts of the officer, in making the levy, become complete by *filing* the execution in the office from which it issued. If it be said the levy may never be perfected by the recording of the execution, I think it a sufficient answer, that the debtor will have his election to risk the consequences of a neglect to redeem, or to pay the amount of the levy; and that the worst event which can possibly befall him, by redeeming a defective levy, will be the payment of a just debt.

After the judgment had been pronounced, the judgment of affirmance, upon motion, was not entered up; but the court, *pro forma*, reversed the judgment of the county court, and the plaintiff became nonsuit.

Note by Hall, J. In the case of *Dixon v. Parmelee*, 2 Vt. 187, *it would appear* to have been held by the supreme court, that a record of the execution and levy in the office of the clerk of the court, made after the action was brought, perfected the title of the creditor, and was sufficient to enable him to sustain the action. The attention of the court was not called to this case, and it was not noticed until after the decision.