GIDEON P. RUSSELL v. ALBERT H. BROOKS.

*Return of execution levied upon real estate.  Ejectment.*

An execution levied upon real estate must be returned to the office of the clerk or justice by whom it was issued, within its life. Unless this is done, no title or interest in the land levied on will pass to the execution creditor.

If the plaintiff had both the record title and possession of a piece of land, of which he has been dispossessed, his right to repossess himself of it, by an action of ejectment, cannot be resisted by the dispossessor, on the ground that the plaintiff had conveyed the premises to a third person, by a deed, never recorded. and subsequently destroyed, when the fact of such conveyance is denied by the plaintiff, and there is no privity whatever between the defendant and said third person.

EJECTMENT for lot No. 76, in the 3d division of lands in Canaan. Plea, the general issue; trial by jury, January Term, 1855,—POLAND, J., presiding.

It was proved and admitted that the plaintiff acquired a good title to the lot in question, by a deed from Fernando C. Jacobs, on the 17th day of July, 1848, and that he had continued to be the owner thereof, unless he had conveyed his title, by deed, to his father, Fletcher Russell,—which the defendant's testimony tended to prove, and that the deed was founded upon a sufficient consideration, but that it was not recorded, and that the plaintiff afterwards got possession of said deed and destroyed it. The plaintiff denied ever giving any such deed, and gave evidence tending to prove that no such deed was ever executed by him. The defendant introduced, in evidence, (subject to the plaintiff's objection,) certified copies of two executions, one in favor of A. M. Morrill, and the other in favor of Justin Jacobs, both against Fletcher Russell, together with the officer's returns thereon, of levies upon the lot in question, as the property of Fletcher Russell. It was admitted that the judgments, upon which said executions issued, were regular and valid, and that said premises were not redeemed by Fletcher Russell,—and that the defendant took possession of the lot under the title claimed to have been derived by said levies. By the executions and returns it appeared that the one in favor of Morrill was issued by the clerk of the Essex county court, upon the 3d of June, 1850, made returnable in sixty days, was levied July 3d, recorded July 31st, and returned to the county clerk's office September 11th, 1850; and the one in favor of Jacobs was issued by a justice of the peace, on the 4th of June, 1850, made returnable in sixty days, levied July 3d, recorded in the town clerk's office July 31st, and returned to the justice September 24, 1850.

It was admitted that at the time said executions were levied on said land, and at the time the defendant took possession thereof, the plaintiff was in the actual possession of said lot, claiming to be the owner thereof, and denying any title in Fletcher Russell. The court decided that said levies were both irregular and invalid to convey any title, and, as no other evidence of title in the defendant was offered, directed the jury to return a verdict for the plaintiff. Exceptions by the defendant.

*Cooper & Bartlett* for the defendant.

———— ———— for the plaintiff.

42

The opinion of the court was delivered by

ISHAM, J. The execution in favor of Morrill against Fletcher Russell, though levied on the land in question within sixty days from its date, was not returned into the office of the county clerk from which it issued, until long after its return day. The same fact exists in relation to the execution in favor of Jacobs against Russell; that execution, though levied on these premises also, was not returned to the justice within its life. The defendant took possession of the premises in question under a title claimed to have been derived by those levies. Under those circumstances, the decisions in this state have been repeated and uniform, that the levies are void, and that no title or interest in the land was acquired by them. The defendant is as much a stranger to any title in the land, as if no judgment had been obtained against Fletcher Russell, nor any levies of such executions had ever been made; *Hall* v. *Hall*, 5 Vt. 304; *Downer* v. *Hazen*, 10 Vt. 418; *Morton* v. *Edwin*, 19 Vt. 77.

The plaintiff had a good title to these premises, under his deed from Fernando C. Jacobs, and that title remains in him, unless it has been conveyed to Fletcher Russell, which the defendant affirms was done, but which is denied by the plaintiff. It also appears, from the case, that the plaintiff was in the actual possession of the premises, until dispossessed by the defendant. This possessory right and title of the plaintiff is sufficient to enable him to sustain this action against the defendant, and all others, who have not a better title. If the defendant had derived a good title, as against Fletcher Russell, under those executions, the question would properly arise, whether a conveyance of these premises had been made to him by the plaintiff. But the levies being void, he does not hold his title, nor can he claim possession under him. It is not competent for the defendant, having no title to the land, to put the question in issue, whether the plaintiff has executed an unrecorded deed of the premises to Fletcher Russell. That can only be done by Mr. Russell himself, or some one having his title. If such a conveyance had been made, as the defendant has no title to the premises, it would not aid him, nor in any way affect the right of the plaintiff to recover in this action.

The judgment of the county court is affirmed.