## AMOS S. LITTLE *v.* GEORGE SLEEPER.*

### *Levy of Execution. Record.*

The record, in the town clerk's office, of an execution levied upon real estate, and the return thereon, is to be made within the life of the execution and before the return, and *if not so made the levy is void.*

EJECTMENT for lands in Bradford. Plea, the general issue. Trial by jury, January Term, 1863, PECK, J., presiding.

The defendant's title depended upon the validity of the levy of an execution issued upon said lands upon a judgment rendered in favor of the defendant against G. and E. Prichard, June 25th, 1860, for $2065.08, damages, and $5.44, costs.

The defendant offered in evidence copies of the writ in that case, the officer's return, judgment, execution, levy, and certificate of the town clerk of receipt and record of said execution, and the justice's certificate of record, all of which were objected to by the plaintiff, first upon the ground that they did not show that the execution and officer's return thereon, was recorded in the town clerk's office within the life of the execution. Second, that the levy by the officer was illegal and void.

The court ruled, contrary to the claim of the defendant, that the clerk's certificate upon the justice's copy of said levy, was not *prima facie* evidence to show that the execution was actually recorded in the town clerk's office within the life of the execution, to which the defendant excepted. The court also overruled the second objection, to which the plaintiff excepted.

The facts established by the evidence are sufficiently set forth in the opinion of the court.

The court instructed the jury that if from the whole evidence they found that the execution was actually recorded in the town clerk's office within the life of the execution, the levy of the defendant was good and valid, and the defendant would be entitled to a verdict, otherwise they would find a verdict for the plaintiff. To this charge the defendant excepted. Verdict for the plaintiff,—exceptions by the defendant.

---

*This case was heard March Term, 1863, and decided March Term, 1864.

*C. W. Clark*, for the defendant, maintained that if the execution was returned to the justice and there recorded within its life, and also returned to the town clerk's office and there filed for record within its life, and there remained on file until it was actually recorded, it was sufficient to render the levy valid. C. S. 313, § 26; *Willard* v. *Lull*, 20 Vt. 373; *McGregor* v. *Brown*, 5 Pick. 171; *McLellan* v. *Whitney*, 15 Mass. 137.

*R. McK. Ormsby*, for the plaintiff,

PIERPOINT, J. The principal question in this case is as to the validity of the levy of the defendant's execution, upon the land in controversy. The exceptions show that the officer levied the execution upon the land, took it with his return thereon to the town clerk's office, and the town clerk made a certificate upon it, that he had received it for record, but did not then record it. The officer thereupon took the execution from the town clerk's office, and returned it to the office of the justice who issued it, and the justice subsequently recorded it. The said officer afterwards and within the life of the execution, took it from the office of the justice and carried it to the town clerk's office and left it there to be recorded. The town clerk put it on file and subsequently recorded it; but the jury have found under the charge of the court that the town clerk did not record it until after the return day had passed.

These facts present the simple question whether it is necessary to the validity of the levy of an execution that the execution and the officer's return thereon, should be recorded in the town clerk's office, within the life of the execution. The language of the statute is that " all executions, extended and levied upon real estate, with the return of the officer thereon, being recorded in the office wherein deeds of such real estate are required by law to be recorded, and also returned into the office of the clerk of the court, or justice from whom such execution issued, and there recorded, shall as against the debtor," &c.

It has long been settled in this state that all that the statute requires the officer making a levy to do, or cause to be done, to make such levy valid, must be done, and the execution and his return thereon returned to the authority issuing it within the life of the execution. This principle is recognized in *Hall* v. *Hall*, 5 Vt. 304;

*Downer* v. *Hazen*, 10 Vt. 418 ; *Morton* v. *Edwin*, 19 Vt. 77 ; *Russell* v. *Brooks*, 27 Vt. 640 ; and *Perrin* v. *Reed*, 33 Vt. 62.

Is the recording of the execution and the proceedings thereon, an act that the officer should cause to be done before he returns the execution? The language of the act clearly indicates that it is ; the words " being recorded in the office wherein deeds of such real estate are by law required to be recorded, and also returned into the office of the clerk of the court or justice," &c., will hardly admit of any other construction than that the record in the town clerk's office is to precede the return, and if so then it must be the duty of the officer to cause it to be done, as there is no other person that has any authority in the matter. Again, the record in the town clerk's office *must* precede the return, as after the return the execution and the return thereon become a part of the files of the court, and should there remain and be recorded. The power of the officer over the execution is at an end. Neither he, nor any other person, has a *right* to take the execution from the files, for the purpose of having it and the return thereon recorded in the town clerk's office, or for any other purpose.

It would seem to have been the intention of the legislature, in framing the several enactments on this subject, that, when a levy is completed and the execution returned, the records in the town clerk's office should show precisely what had been done, changing or affecting the title, so that all might have notice thereof, either actual or constructive.

In *Perrin* v. *Reed* this court held that it was not necessary that the execution and officer's return thereon should be recorded in the office of the clerk or magistrate who issued the execution, within the life of the execution, but the principle is fully recognized in that case, that the record in the town clerk's office is to be made within the life of the execution, and before the return thereof; and although this point did not arise in that case, the reasoning of the learned judge on the subject is sound and satisfactory. The distinction that exists between the recording of the proceeding, in the town clerk's office, and in the office of the court issuing the execution, is clearly presented ; in the latter case the causing of the record to be made is no part of the duty of the officer ; it must necessarily be made after the return of the execution, and as the officer has the entire life of the execu-

tion to make his return in, it follows that in some cases, if the record is made at all in the office from which it issued, it must be made after the life of the execution has expired. The statute indicates no time within which this record is to be made, but we think the statute, in the case of the record in the town clerk's office, as well as the nature and form of the whole proceding, and the reason on which the requirement is based, all indicate most clearly that the record is to be made within the life of the execution and before the return, and if not so made the levy is void.

Judgment of the county court affirmed.