## MARGARET D. QUIGLEY
*vs.*
## BERTHA E. STANTON

Superior Court          New Haven County          File No. 14250
                        (At Waterbury)

MEMORANDUM FILED APRIL 26, 1943.

*Joseph J. Phelan* and *Finton J. Phelan,* of Waterbury, for the Plaintiff.

*Andrew D. Dawson,* of Waterbury, for the Defendant.

McEVOY, J.   This is an action of ejectment.

The plaintiff seeks to recover judgment for possession of the premises described in the complaint and for damages for use and occupation by the defendant.

The defendant is the daughter of the deceased owner of the premises.  During his lifetime, the defendant entered into an oral agreement with her father, the then owner, by the terms of which she agreed to buy the premises.

Under that agreement she remained upon the premises where she had lived and, during the time that she remained there, a number of improvements, in the way of erection of various buildings, were made.

By reason of these improvements the defendant obtained revenue and income from the premises in excess of any amount which she may have spent upon the premises.

The defendant was unable to procure sufficient money to purchase the premises from her father and she did not do so.

After the death of her father, the defendant brought suit against the executors of his estate for services rendered; for money expended upon his house and buildings in their repair,

at the alleged request of her father and upon his promise to pay for the same by a request in his will.

The defendant, in that action, claimed that the money expended by her and the services rendered by her amounted to $10,000.

During the settlement of her father's estate, and within the prescribed time, this defendant presented a claim for these sums against the estate of her father and this was duly disallowed.

After a lapse of more than four months from the date of the disallowance of her claim the present defendant brought an action against the executors of the estate of her father for the recovery of the sums claimed to have been expended by her. That action was compromised by the payment by the executors to the then plaintiff, the present defendant, of the sum of $200 in full of all her claims and that payment appears in the return of claims made by the executors which recites that $200 was paid to the present defendant in full settlement of her claim.

That action was withdrawn without costs to either party.

Thereafter, the executors of the will of the defendant's father, the owner of the property, brought an action to quiet title to the premises involved in this action.

In that action the present defendant filed a disclaimer and set out that she had no interest in and made no claim to the property involved in this action.

On November 2, 1940, a final judgment quieting the title to the land involved in this action was entered in favor of the executors of the estate of the father of the defendant.

On December 2, 1940, a certified copy of that judgment was duly recorded in the land records of the Town of Prospect, in which town the property involved in that action, and in this action, is situated.

Prior to the entry of the judgment quieting title the defendant entered into an agreement with the executors of her father's estate, by the terms of which they agreed to sell the property to her.

The executors were ready, able and willing to convey the property to the defendant upon the agreed terms but the de-

fendant was unable to make the purchase or to procure the necessary amount of money with which to do so.

After the title was quieted in the executors, the plaintiff purchased the premises in question and secured not only a deed from the executors but also a deed from the residuary legatees or devisees, of whom the defendant was one.

The defendant attended some of and knew about all of the probate proceedings which had to do with the passing of the title to the plaintiff.

The defendant also received her share of the proceeds of the purchase price which the plaintiff paid for this property.

Prior to the time when the plaintiff purchased the premises in question, the plaintiff and her husband visited the premises and, at that time, the defendant showed them over the premises and, at that time, the defendant stated to the plaintiff that the premises were for sale and the defendant made no claim of any interest in the premises in question.

Prior to the institution of this action, the plaintiff in this action, acting therein by her husband as her agent, made written demand upon the defendant for the defendant to turn over to the plaintiff the possession of the premises which the defendant was then occupying.

The defendant in this action failed to quit possession of the premises in question or to turn over these premises to the plaintiff.

The plaintiff is entitled to judgment for possession of the premises as of the date of this complaint, December 23, 1941.

The plaintiff is also entitled to compensation for the use and occupancy of the premises up to the time of the commencement of this action. *Starr vs. Pease,* 8 Conn. 540.

The defendant claims that she should be compensated for alleged improvements and "betterments."

She makes her claim by virtue of the provisions of section 5034 of the General Statutes, Revision of 1930.

It should be observed that section 5034 protects "any defendant who has, in good faith, believing his title to the land in question absolute, made improvements thereon before the commencement of the action...."

The salient portion of the statute is that the defendant must have believed her title to the land in question to be absolute.

The evidence does not bring the defendant within the category.

The whole history and record, including the proceedings of this court of which this court may take judicial notice and which were introduced in evidence upon the trial of this action, show that the defendant never made claim to the land as hers nor did she, at any time, believe that her title was absolute.

The most favorable intendment which may be made in her favor is that, on numerous occasions, she endeavored to buy the land in question. This she was never able to do.

Under these circumstances she is entitled to no compensation for any improvements or betterments made.

"Every person who takes a conveyance of an interest in real estate is conclusively presumed to know those facts which are apparent upon the land records concerning the chain of title of the property described in the conveyance and....this presumption of knowledge is for all legal purposes the same in effect as actual knowledge....his good faith and belief must be one which is consistent with actual knowledge." *Beach vs. Osborne,* 74 Conn. 405, 412.

As previously stated in this memorandum, the defendant has received more income from this land than she has expended upon it so that the equities on this score are in favor of the predecessors in title of the plaintiff and not of the defendant.

While it is true that, during the presentation of the evidence in this case, evidence was offered as to the reasonable value of the occupancy by the defendant it does not appear that the evidence was given independently of the value of the improvements made.

"There are, however, certain limitations as to the extent to which that rental value may be recovered, two of which are applicable in such a situation as the one before us. One is that where the occupant has been in possession with the consent of the true owner without any intent upon the part of either that rent should be paid, rental value is recoverable only from the time when the holding of the occupant became

Under these circumstances counsel will kindly clarify the matter by way of further briefs so that it may appear whether adverse to the owner.... Another limitation is that any increase of rental value due to the improvements made to the premises by the occupant is to be disregarded." *Schleicher vs. Schleicher,* 120 Conn. 528, 536.
or not there is now sufficient evidence in the record to form a basis for the assessment of damages against the defendant for use and occupation or, as it is termed, "rent."

These briefs are ordered to be filed within ten days from the date of the filing of this memorandum of decision and they must be filed before judgment may be entered in this action.