WILLIAM H. POPE, Adm'r. *versus* ALVAN CUTLER.

A levy on land duly made, and recorded within the time proscribed by the statute, has precedence over a prior levy not recorded within three months, nor until after making the second levy.

It is the return of the officer of the appraisal and proceedings, which operates as a statute conveyance of land set off on execution, and divests the debtor of his title; and the delivery of seisin is an acceptance of that title by the creditor in satisfaction of the debt as of the date of those proceedings.

The record of the levy of an execution upon land must be made within three months of the date of the officer's return of the seizure on execution, or of the date of his return of the proceedings in making the levy.

THE facts pertinent to the understanding of this case are stated in the opinion of the Court.

The trial was before EMERY J. when several other questions were raised. On this point, the jury were instructed, that the levy of the defendant, Cutler, was seasonably recorded, and that he acquired a title to the land in controversy by that levy

against the title under which the intestate claimed, the defendants being prior in point of time. The verdict was for the defendant, but was to be set aside, if the instruction was erroneous.

*Hobbs* and *R. K. Porter*, for the plaintiff, contended, that the whole proceedings in a levy upon land have relation to the time of seizure on the execution, and that therefore the defendant's levy was not seasonably recorded. The levy under which the plaintiff claims has the priority. St. 1821, c. 60, § 1, 27; *Heywood* v. *Hildreth*, 9 Mass. R. 393; *Berry* v. *Spear*, 1 Shepl. 187; *Gorham* v. *Blazo*, 2 Greenl. 232; *McLellan* v. *Whitney*, 15 Mass. R. 137; *Blanchard* v. *Brooks*, 12 Pick. 47; *McGregor* v. *Brown*, 5 Pick. 170.

*Lowell*, for the defendant, said that when the inquiry was, whether the levy was made within thirty days of the time of judgment, the computation was to be made from the judgment to the first act, the seizure on execution. The cases cited for the plaintiff, principally, relate to that question. But when the inquiry is, as in the present case, whether the levy was recorded within three months, the three months commence at the time the levy is completed by the delivery of seizin to the creditor. *Bagley* v. *Bailey*, 16 Maine R. 151; *Blanchard* v. *Brooks*, 12 Pick. 47; *Burgess* v. *Spear*, 13 Maine R. 187; *Darling* v. *Rollins*, 18 Maine R. 405.

The plaintiff's grantors must have had notice of the defendant's levy within the three months, and that is sufficient. *Doe* v. *Flake*, 17 Maine R. 249; *McMechan* v. *Griffing*, 3 Pick. 149.

The opinion of the Court was drawn up by

SHEPLEY J. — The plaintiff has been admitted to prosecute an action of trespass commenced by his intestate, John Lemist, against the defendant for taking and converting to his own use certain mill logs alleged to be the property of the intestate. Both parties claimed to be the owners of lot numbered forty-three in plantation numbered eighteen, and to have derived their titles to it from Josiah Miles. The defendant caused the lot

to be attached on September 7, 1830, on a writ in his favor against Miles, on which judgment was recovered on September 26, 1831, execution issued thereon, and the officer's return of a levy on the lot bears date on October 25, 1831, although the return of the appraisers bears date as of the following day. The officer stated in his return that he delivered seisin on the first day of November following, and the levy was recorded on the first day of February, 1832.

The intestate derived his title from a levy made by Priest and Clapp on the same lot, on October 26, 1831, recorded on January 19, 1832, who had caused it to be attached on a writ in their favor against Miles on October 14, 1830, and had obtained a judgment in that suit on September 26, 1831.

If the defendant's levy was recorded as the statute requires within three months, he had acquired the title to the lot. And if not, the intestate would appear to have acquired the title, through conveyances from Priest and Clapp. It is said in the case of *McLellan* v. *Whitney*, 15 Mass. R. 139, that a creditor or purchaser could not avoid it for want of record, " they having knowledge of the former levy." But in *McGregor* v. *Brown*, 5 Pick. 170, it was decided, that the rule relating to notice of prior conveyances did not apply to attaching creditors, each of whom " is entitled to take advantage of defects in the proceedings of the others." The question in *McMechan* v. *Griffing*, 3 Pick. 149, was whether an attaching creditor had notice of a prior conveyance, not of a prior attachment or levy. In *Doe* v. *Flake*, 5 Shepl. 249, it was decided, that a levy made and recorded had " precedence over a prior levy not recorded within three months, nor until after the registry of the second levy." It was in that case insisted, that the creditor making the second levy could not take advantage of the neglect to record the first, if he had notice of it. And the late Chief Justice, in delivering the opinion says, "assuming this position to be correct, and such seems to be the bearing of the decisions, the case will turn upon the question of notice." The decision was, that no sufficient notice was proved, and it did not become necessary to decide, whether if proved, it would have

been effectual to destroy the title of the party.   Nor is it neces-
sary to decide that question in this case, for there is no proof,
that Priest and Clapp had notice of the attachment or levy of
the defendant.   And his title must therefore depend upon a
decision whether by a correct construction of the statute, his
levy was recorded within three months.

In *Heywood* v. *Hildreth*, 9 Mass. R. 393, it was said, " the
whole proceedings after the seizure on execution have relation
to the day of the seizure."   And in the case of *Bagley* v.
*Bailey*, 4 Shepl. 151, it was decided, that the proceedings
must have reference to the day of the seizure to determine the
state of the title for the purpose of deciding, whether to make
a levy on the land or to sell the right in equity of redeeming it.
While in the case of *Blanchard* v. *Brooks*, 12 Pick. 61, the
levy was considered as made on the day, when the appraisal
was made and the officer made his return of the proceedings,
although he had stated in his return, that he had seized the
land on the execution sometime before.   And in the case of
*Berry* v. *Spear*, 1 Shepl. 187, it was decided, that in making
the computation of the three months, the day on which the
levy was made, should be excluded ; as the whole of that day
might be consumed in examining the land, making the apprais-
al, and completing the return ; thus implying that the levy
would be considered as made on the day, when these proceed-
ings took place.   In *Darling* v. *Rollins*, 6 Shepl. 405, the
levy was decided to be incomplete to pass the title without any
delivery of seisin to the creditor.   In *Waterhouse* v. *Waite*,
11 Mass. R. 207, it was held, that a reasonable time after the
seizure might be allowed to complete the levy, and that " yet
the neglect of the creditor for a month after seizure and ap-
praisement to receive seisin was an unreasonable delay."   If
the levy being otherwise perfected be not considered as so far
completed as to pass the title to the creditor, on condition that
he does not repudiate it by neglecting or refusing to receive
seisin within a reasonable time ; and the subsequent delivery
of seisin does not have reference either to the seizure on exe-
cution, or to the date of the appraisal and officer's return ; the

levy would not be considered as made within thirty days after judgment unless seisin was delivered within that time; and the title would not relate back to the day of the attachment, which would be lost. It is the return of the officer of the appraisal and proceedings, which operates as a statute conveyance and divests the debtor of his title; and the delivery of seisin is an acceptance of that title by the creditor in satisfaction of the debt as of the date of those proceedings. The officer's return states, that the debt at the time, when these proceedings bear date, is satisfied. The attachment is preserved only for thirty days after judgment, and the record is required within three months after the levy is made; and the intention appears to have been to have the whole proceedings completed and recorded within that time to make a statute title, which would be effectual from the date of the attachment. A literal construction of the statute might seem to require, that the whole proceedings, including the delivery of seisin, should take place at one time; but it has received a construction permitting them to take place at different times, yet all having reference to the time, when the title is considered as conveyed; and that, according to the decided cases, must be either at the date of the seizure on execution, or at the date of the officer's return of the proceedings in making the levy. And the record must be made within three months from the time, when the title is thus conveyed. The levy of the defendant cannot therefore be considered as recorded in season; and the title of Priest and Clapp must be regarded as the better title.

*The verdict is to be set aside*

*and a new trial granted.*