PHILANDER PERRIN v. WILLIAM T. REED AND CHESTER L. REED.

*Execution.  County Clerk.*

It is indispensable, to the passing of the title, that the officer's return of the levy of an execution upon real estate, be recorded in the town clerk's office, during the life of the execution, but *aliter* as to the record in the office of the clerk of the court or of the justice issuing the execution.  It is sufficient if the latter record be made before the suit is brought by which the title is to be tested.

A county clerk, who, while in office, commenced the record of the return of the levy of an execution upon real estate, has no authority to finish such record after he has ceased to hold the office.  Such authority is annexed to the office and passes to his successor.

The record of the return of the levy of an execution on real estate was commenced in the county clerk's office from which the execution issued, but before its completion the return was inadvertently taken from the office, and was supposed to be lost for more than three years.  *Held* that, on its discovery and return to the county clerk's office, the record of it by the clerk then in office was sufficient, as between the execution creditor and debtor, to pass the title to the property levied upon.

EJECTMENT.  The facts sufficiently appear in the opinion of the court.  The cause was tried by jury, upon the plea of the general issue, at the June Term, 1859,—BARRETT, J., presiding. The county court directed a verdict for the defendants, to which the plaintiff excepted.

*C. W. Clarke*, for the plaintiff.

*Hebard & Martin*, for the defendants.

KELLOGG, J.  This is an action of ejectment for land in Williamstown.  On the trial, the plaintiff claimed to make title to the premises sued for, by virtue of the levy of an execution issued on a judgment of the Orange county court in his favor against one Andrus A. Reed.  No question was made respecting the regularity of the execution and the officer's return of levy thereon; and it was admitted that the execution with the officer's return of levy on the same was duly recorded in the town clerk's office in

Williamstown, and was also duly returned by the officer on the 7th December, 1854, to Mr. Clarke, who was then the clerk of the Orange county court, to be recorded in his office,—all within the life of the execution. The county clerk, Mr. Clarke, at the time of receiving the execution and levy, filed the same as received for record, and partly recorded the same on the same day, but before completing the recording of the same, he went out of office. About three years afterwards, but after he had ceased to be the county clerk, Mr. Clarke completed the unfinished record, which he commenced while he held that office as aforesaid, from the record of the execution and levy in the office of the town clerk of Williamstown,—the original execution and return of levy having in the mean time been lost. The original execution and return of levy having afterwards been recovered or found, the same were recorded anew by Mr. Hinckley, the deputy county clerk of this county then in office, and both records were completed before the commencement of this suit. The county court decided that the plaintiff acquired no title to the premises by virtue of either record, and directed a verdict for the defendant, to which the plaintiff excepted ; and this decision presents the only questions arising in the case.

It was decided by this court in the case of *Morton et al.* v. *Edwin,* 19 Vt 77, that the creditor could not sustain an action of ejectment against the debtor, founded upon the levy, until the execution and return had been recorded in the town clerk's office, and also in the office of the clerk or justice from whose court the execution issued, prior to the commencement of the action. In *Russell* v. *Brooks,* 27 Vt. 640, it was held that an execution levied upon real estate must be returned to the office of the clerk or justice by whom it was issued within its life, and that, unless this is done, no title or interest in the land levied on will pass to the execution creditor by the levy. As the duty of the officer is to be performed within the life of the execution, and as it is a part of that duty to cause the execution and return of levy to be recorded in the town clerk's office, it follows that the record in the town clerk's office must be made not only before the return of the execution to the clerk, or justice by whom it was issued, but also within its life. Whether it is necessary that the record of the

execution and return of levy in the office of the clerk or justice should also be made within the life of the execution, in order to effectually pass the title of the debtor, is a question which was raised in the case of *Morton et al.* v. *Edwin, ubi supra,* but not decided; and it now becomes necessary to decide that question in this case. In *Willard* v. *Lull,* 20 Vt. 376, the levy is said to be complete for all purposes of notice, when recorded in the office of the town clerk, although not so far completed as to pass the title of the land. The duty of the officer ends with the return of the execution into the office of the clerk or justice from which it issued, and he has to the last moment of the life of the execution in which to make that return. There is no statute provision which requires the record by the clerk or justice to be made in any specified time, and we do not perceive any reasons of public policy which require that this record in the office from which the execution issued should be made within the life of the execution. On this point, we consider the reasoning of HALL, J., in the case of *Morton et al.* v. *Edwin, ubi supra,* as satisfactory and decisive in favor of the conclusion which we adopt in this case, that if the officer makes his return of the execution and levy into the office of the clerk or justice, while the execution is in life, the levy will not be void because the clerk or justice may happen not to make the record of the execution and return of levy until after the life of the execution has expired.

We are all of opinion that no sufficient record of the execution and return of levy was made by Mr. Clarke while he held the office of clerk, and that he had no authority, after he ceased to hold that office, and had delivered the custody of the records and papers, belonging to it, over to his successor, to complete or make any record of the execution and return of levy. The office of county clerk is a public office. The incumbent may die, resign, become disabled, or be removed, but the office and its duties will remain. It is apparent, from the nature and constitution of the office, that its duties are trusts of a public rather than of a personal character; and, with this opinion of the nature of those duties, we consider that the authority to complete unfinished records, in cases in which records are required to be made in that office, is annexed to and

passes with the office, as an inherent part of its constitution. The inquiry remains whether the record of the execution and return of levy subsequently made by Mr. Hinckley as deputy clerk, was seasonable, regular, and valid. As has been already observed, no specified time has been limited by the statute within which the record of the execution and return of levy is to be made in the office of the clerk or justice from which it issues, and the levy is complete for all purposes of notice when the record is seasonably made in the office of the town clerk. On the facts stated in the bill of exceptions, we are satisfied that the taking of the execution and officer's return from the office of the clerk after it was returned by the officer to that office, occurred inadvertently and by mistake, and that neither this, nor the subsequent loss of the execution, ought to affect the validity of the title under the levy, as between the execution debtor and creditor. We think that as the execution was taken from the office of the clerk through inadvertence and mistake, and not understandingly or by design, it should be regarded, so far as the creditor and debtor are concerned, as having in legal intendment always remained in the office of the clerk, and that, when it was restored to his actual custody, he was authorized, and that it was his duty, to record it, with the officer's return of levy thereon, on the request, and at the expense, of the creditor. As the record of the execution and levy which was made by Mr. Hinckley, as deputy clerk, was completed before the commencement of this suit, we regard it as being, between the execution debtor and creditor, seasonable and sufficient to pass the title of the debtor under the levy ; and no intervening right in the premises is claimed to have accrued to any third person at the time that record was made.

In this view of the case, the judgment of the county court in favor of the defendants is reversed, and the cause is remanded to that court for a new trial,