## LAURENT ROLAND, Appellant, *v.* MICHAEL FISCHER, Appellee.

### APPEAL FROM HANCOCK.

In an action of ejectment, where the plaintiff seeks to recover, on the ground that the defendant has not performed his covenants, in neglecting to pay the notes given for the purchase of the land in controversy, the burthen of proof is on the plaintiff to show such default.

MICHAEL FISCHER commenced his action of ejectment against Laurent Roland, to recover the north-west quarter of the north-east quarter Section six, Township six north, Range seven west. Also the east half of the north half of the south half of the north-east quarter of the south-west quarter Section fifteen, Township seven north, Range eight west; all situated in Hancock county, Illinois; and filed his declaration in usual form; to which the said Roland pleaded the general issue.

At the May term, 1862, a jury was waived and said cause tried by the court, SIBLEY, Judge, who found the issue for the plaintiff, and that the defendant was guilty of unlawfully withholding said premises from the plaintiff, and rendered judgment in favor of said plaintiff and against said defendant, for the recovery of said premises and costs of suit. The defendant moved for a new trial, which motion the court overruled and rendered judgment, and the defendant prayed an appeal, which was allowed and perfected.

The bill of exceptions, signed and filed June 3, 1862, shows that the plaintiff, to sustain the issues on his part, offered a bond for a deed of said premises, as follows:

" Know all Men by these Presents, That I, Michael Fischer of the county of Hancock and State of Illinois, am held and firmly bound unto Laurent Roland, of the same county and State, in the penal sum of seven hundred and fifty dollars, for the payment of which I do hereby bind myself, my heirs, executors and administrators, firmly by these presents. Given under my hand and seal this 6th day of February, A. D. 1857. The condition of the above obligation is such, that whereas the said Michael Fischer has this day bargained and sold unto the said Laurent Roland, the following described premises for the sum of seven hundred and fifty dollars; one hundred and fifteen dollars cash in hand, the receipt of which is hereby acknowledged, and two hundred and sixty dollars on or before the first day of April next, according to his certain promissory note of even date herewith, and the balance, being three hundred and seventy-five dollars, according to his second promissory note of even date herewith. Now if said L. Roland shall well and truly pay or cause to be paid unto the said Fischer or his assigns, the above described note with interest that may accrue thereon according to the conditions thereof, then the said Michael Fischer to convey to him by a good and sufficient deed of general warrantee, the northwest of the north-east Section six, Township six north, Range seven west of the fourth principal meridian, in Illinois, containing forty acres be the same more or less. Also, the east half, north half, south half, north-east, south-west quarter

of Section fifteen, Township seven north, Range eight west of the fourth principal meridian, in Illinois, containing five acres, be the same more or less, otherwise this obligation to be void and of no effect.

MICHAEL FISCHER. [SEAL.]"

Also called *Hubert Roland*, who testified as follows: That he is acquainted with the parties to the above entitled suit, and has been ever since February, 1857. That the defendant, Laurent Roland, in February, 1857, contracted with the plaintiff, for the purchase of the north-west quarter of the north-east quarter of Section six, Township six north, Range seven west, in Hancock county, Illinois; also, the east half of the north half of the south half of the north-east quarter of the south-west quarter Section fifteen, Township seven north, Range eight west, in Hancock county; that said Fischer gave to said defendant a bond for a deed, said bond being dated the 6th day of February, 1857, and was recorded in the Recorder's office of Hancock county; and that Laurent Roland, the defendant, went into possession of said premises under said contract or bond from said Fischer, and has remained in possession of the same up to this time. About two years ago I gave the bond from Fischer to my father, Laurent Roland, the defendant, to George Edmunds, and have not seen the bond since.

This was all the evidence in this cause.

The following errors are assigned:

There was no evidence to sustain the finding and judgment of the court.

The finding and judgment were against the evidence.

The court erred in finding the issues for the plaintiff, and in rendering judgment for the recovery of the premises, and costs, in his favor and against Roland.

The court erred in overruling the defendant's motion for a new trial.

G. EDMONDS, JR., for Appellant.

There is no evidence showing that Roland had not fully performed the bond by paying the notes therein mentioned.

Roland *v.* Fischer.

The weight of evidence was upon the plaintiff to prove the non-performance by Roland, by showing notes not paid.

Before the plaintiff could recover he must show that the defendant had failed to perform on his part.

The last note by the terms of the bond being past due, before the plaintiff could recover he must show the notes, or some part thereof, unpaid, and also show that he was ready and had offered to perform.

This action was for a rescission of the bond, and the plaintiff, before he could succeed, must show that not only he is ready, able and willing to perform, but that the defendant has failed or refused to perform, neither of which was done.

M. M. MERRELL, and JACKSON GRIMSHAW, for Appellee.

CATON, C. J. This was an action of ejectment. The plaintiff showed a covenant from himself to the defendant for the sale of the premises on a credit, for which he took the defendant's notes, payable before the action was brought, and that the defendant had gone into and held the possession of the premises under this covenant. Upon this evidence the court found the issue for the plaintiff. Neither party produced the notes, or gave any evidence on the subject of their payment. It is admitted, that if the defendant had paid these notes he was entitled to recover; if he had not, then the plaintiff was entitled to recover; and the only question in the case is, upon which party the burthen of proof rested. We are of opinion that the burthen of proof was thrown on the plaintiff, to show that the defendant was in default. It was more convenient for him to do so than it was for the defendant to prove that he was not in default. He had received the defendant's notes, and while they were outstanding against the defendant, that was equivalent to payment. If those notes were still unpaid, it was easy for the plaintiff to produce them, for it is the universal practice among business men to retain notes they hold against others, if they have not put them into circulation, while it is by no means universal for men to preserve their own notes which they have paid and taken up.

Where an action is brought upon an account for which a

note has been given, the plaintiff cannot recover unless he produces the note upon the trial and offers to deliver it up, or shows it has been lost or destroyed, and the reason is, that the law will presume that the note has been paid or put in circulation, if it is not produced. The principle is precisely the same which governs this case, for the natural and legal presumption is the same.

We think the plaintiff's proof was insufficient to entitle him to recover, for which reason the judgment must be reversed, and the cause remanded.

*Judgment reversed.*