HON. JOHN PIERPOINT,
HON. LOYAL C. KELLOGG, } *Assistant Judges.*
HON. ASAHEL PECK,

---

### NELSON ELLISON *v.* JAY WILSON AND S. A. BABBITT.

[IN CHANCERY.]

*Town Clerk. Levy. Record. Lien.*

Where a town clerk's certificate and an officer's return disagree as to the time when a levy of execution was recorded in the town clerk's office, the certificate of the clerk will prevail.

If an execution is actually levied on the land attached on mesne process, and the appraisal made within five calendar months after the rendition of final judgment, but the levy is not recorded in the town clerk's office until after the five months have expired, the levy will not be in season to connect it with the attachment lien.

There is no analogy between an unrecorded conveyance and a defective levy. A deed passes the title between the parties, and recording is only necessary to give notice of it to the world; while a levy so long as it lacks any of the statute requisites, is wholly insufficient to affect the title, even as between the parties.

PETITION for the foreclosure of a mortgage. The facts in the case sufficiently appear in the opinion of the court.

J. J. Wilson and A. P. Hunton, for the orator.

Converse & Tracy, for the defendant, S. A. Babbitt.

POLAND, CH. J. The orator by his petition seeks to foreclose a mortgage executed by the defendant Wilson, to James J. Wilson on the second day of July, 1860, which mortgage was duly assigned to the orator.

The defendant Babbitt attached the same premises covered by the mortgage on the 28th day of July, 1859, as the property of Wilson, the mortgagor, and his suit was pending at the date of the mortgage.

Babbitt recovered a judgment in his suit against Wilson at the June Term of Orange county court, 1860, which term closed on the 14th day of July, 1860, and subsequently levied upon the premises attached and set off the same upon his execution.

The single question presented by the case is, whether this levy and set off was regular, and made in sufficient season to connect it with the previous attachment, and thus make the title acquired by it, prior to the orator's mortgage, which intervened between the two.

The set off was made not by a regular officer, but by an authorized person, and when the case was heard by the chancellor the return had not been sworn to by the person making it. Since that time the defendant has procured such person to swear to the return, and a certificate of such oath to be attached to the certified copy of the execution and return of the set off. We can not regard this as regularly in the case. Chancery appeals must be heard in this court upon the same evidence precisely as was before the chancellor. But we do not find it necessary to

decide anything in relation to the want of such oath, in order to determine the case, and we therefore treat the case as if such return had been duly sworn to, or made by a regular officer.

Execution was taken out on Babbitt's judgment on the 15th day of November, 1860, and was levied on the premises in question on the 26th day of the same November, with which date the return commences. After stating the proceedings in relation to the appraisal and setting off the land, the officer proceeds to say that on the same day he caused the execution and his return to be recorded in the town clerk's office in Bethel, and that on the 17th day of December, 1860, he returned the execution to the office of the county clerk. The whole return is then dated at the conclusion, as at the commencement, November 26, 1860.

A duly certified copy from the town clerk of Bethel shows, that the execution and set off were not lodged in that office for record, and not recorded there until the 18th day of December, 1860.

A question is raised at the outset, which is to prevail as to the time when the levy was in fact recorded in the clerk's office, the officer's return, or the certificate of the town clerk.

The defendant claims it should be the officer's return, and he relies upon the general rule established by the decisions as to officers' returns.

In *Hubbard* v. *Dewey*, 2 Aik. 312, the effect of such a return as this, was somewhat discussed by the court, and it was doubted whether it was even *prima facie* evidence of any recording. The return in that case was substantially in the same form as the present, but at that time the statute gave no form for such a return, but since that time the form then used has been adopted into the statute, and the defendant claims that on this account it should now be entitled to a different consideration from that it then received.

But it does not appear to us that this should vary the weight to be attached to this statement of the officer. The same reason exists now, as then, for not holding it evidence, or at least, not

conclusive evidence, and that is, it can not be true when stated by the officer; necessarily when he makes out his return, as it is something he intends to do in the future, and which may, or may not be done as he intends, and as he makes his return. The very order of dates in this return shows, that the return must have all been made and subscribed by the officer anterior to any recording in either of the offices.

And as to what appears on the town records, it seems to us the legal keeper and certifying officer of those records, is the more appropriate officer to certify and ratify them than any other. The case is to stand then on the fact that the levy was not recorded in the town clerk's office until the 18th day of December, which was three days after the five months expired, during which the land was holden under the attachment.

This presents the question whether, if the execution is actually levied on the land, and the appraisal made within the five months, but the levy is not recorded in the town clerk's office until after the five months have expired, the levy is seasonable to connect it with the attachment lien. Several decisions are to be found in our reports in relation to the validity of liens on real estate, but in most of them the question arose between the creditor and debtor, and involved no special inquiry as to what was necessary to be done within the five months in order to connect the levy with a previous attachment, and thus shut out an intervening title by attachment, or conveyance, from the debtor. But some light may be gathered from the cases to aid us in determining what shall be done by the creditor within the five months, in order to secure the benefit of the attachment.

In *Morton et al.* v. *Edwin,* 19 Vt. 77, the question arose between the debtor and creditor, and involved no question as to a previous attachment.

The levy and set off were duly made within the life of. the execution, the same was duly recorded in the town clerk's office, and the execution returned in time to the justice who issued it; but he neglected to record the execution and levy until after the commencement of the suit, which was brought relying upon the

title obtained by the levy. It was decided that the title did not pass to the creditor until the record was actually made in the justice's office, and that therefore the plaintiff had no title perfected when he commenced his suit, and he failed upon that ground. BENNETT, J., who gave the opinion of the court, intimated in his opinion, that the record must actually be made within the life of the execution or the levy would be void, but the point was not decided.

HALL, J., who gave a separate opinion, gave a reluctant assent to the point decided, which I have mentioned, but argued that it was not necessary to the validity of the levy that the record in the justice's office should be made within the life of the execution ; that if the execution was returned in season, the levy would not be void because the record was not made until after the expiration of the execution. In the subsequent case of *Perrin* v. *Reed et al.*, 33 Vt. 62, the court adopted the view expressed by Judge HALL that the levy was not made void in consequence of the county clerk's neglect to record the levy within the life of the execution, but that the recording in the town clerk's office, being a matter which it was the duty of the officer to procure, before he returned the execution, was a necessary part of his proceedings and must be done within the life of the execution, or the levy would be void.

In the last mentioned case no question arose, except as to the validity of the levy between the debtor and creditor.

*Willard* v. *Lull*, 20 Vt. 373, was a suit against the defendant as sheriff for the default of his deputy in not seasonably returning an execution levied on real estate. The real estate had been attached by the plaintiff upon his original writ against his debtor. The defendant levied the execution upon the land, and caused the levy to be recorded in the town clerk's office within the five months, but did not return the execution to the county clerk's office until after the five months had expired. After the levy was recorded in the town clerk's office, and before the return of the execution, the land was attached by another creditor of the same debtor, who by a regular course of proceedings set off the

land upon his execution. The plaintiff claimed that by the neg-lect of the defendant to return his execution within the five months, his levy and attachment lien were not connected, and the title was obtained by the other creditor by his attachment and levy. But the court decided that without reference to the plain-tiff's attachment, the levy of his execution and record in the town clerk's office, created a new lien, which was sufficient against a subsequent attachment, and the execution being returned in its life, the plaintiff's levy was good as an independ-ent levy.

It is rather to be implied from this decision, that the court regarded the defendant's failure to return the execution within the five months, as sufficient to prevent a connection of the levy with the previous attachment, and the language of Judge RED-FIELD in the opinion gives countenance to that idea, and it is quite apparent that if the record had not been made within the five months in the town clerk's office, no doubt would have been then entertained but that the attachment *lien* was gone.

The statute in reference to property attached on mesne process, is as follows : " Personal property attached on mesne process, shall be held to respond the judgment rendered on such process thirty days from the time such judgment shall be rendered ; and unless the plaintiff shall, within thirty days from the time of rendering final judgment, take such property in execution, the same shall be discharged from such process, and real estate shall be held five calendar months after the rendition of final judg-ment, and no longer," &c. The defendant's counsel insist, that as it is not necessary under this provision of the statute to do anything except to take personal property in execution within the thirty days, and as it has been held that that may be merely constructive, substantially the same should be held implied in the case of real estate, and that it should only be held necessary to levy upon it within the five months, and that all the proceed-ings necessary to perfect and pass the title under the levy need not be had within that time.

But the language of the act seems to us to exclude, rather

than invite, such interpretation. It provides expressly how far the creditor shall be bound to proceed with his execution as to personal property, and the language is inapplicable as applied to proceedings under an execution against real estate. Real estate shall be held five calendar months *and no longer*. If it had been intended only that the creditor should commence his proceedings within five months, and hold his lien as much longer as he could protract the proceeding, it would virtually overrule the express language of the act, which is unusually emphatic in its terms. If such was the construction intended, there would seem no necessity for making the great difference in time between the length of the lien on real and personal estate. This time was evidently given so that the creditor should first have sufficient opportunity to satisfy his execution out of personal estate, if it could be found, and also time to perfect his title by levy on the real estate if he chose, and complete his proceedings within the five months. We think the express language, *five calendar months and no longer*, was used with design, that the debtor, or other creditors, might know for a certainty when that time expired whether the land was free from attachment, or not, and from the record itself.

In the case of personal property attached, if that was not liberated from lien by attachment or execution, it would be in the possession of some officer, but as to real estate, it could only be ascertained from the record itself, whether any title was acquired by a creditor. We are of opinion therefore that the statute intended that when the five months ended, the lien by the attachment was also ended, and that the creditor's right was also ended, unless he had made a perfected levy, or at least had so far perfected his levy as to have it appear upon the town clerk's office, the ordinary depository for records of land titles. If this doctrine of *Morton* v. *Edwin* is sound, that the title does not pass under a levy until it is returned and recorded in the office of the justice, or county clerk, I do not see why that should not also be done within the five months, in order to bring the levy within the attachment *lien*, but that question is not raised in this case,

and is not decided. As Judge HALL. argues in *Morton* v. *Edwin*, there seems very little use in such a record at all, and the dis-. tinction made between the necessity of recording in the two offices in *Perrin* v. *Reed* may be sufficient to excuse that being done within the five months.

The defendant's counsel further claims that. if by the statute the levy ought to be recorded within five months, and was not, still that the levy is good against the debtor and his heirs, and all claiming under him, with notice of the levy; that it is analogous to the case of an unrecorded deed.

There are two sufficient answers to this suggestion, if the orator did know when the defendant in fact made his levy.

The orator does not claim by any conveyance from the debtor after the levy, but by a prior conveyance which gave him all the debtor's title, subject to the claim of the defendant, under his attachment, if he kept it up by making a sufficient levy within the five months; his knowledge that the defendant attempted to make a levy according to the statute, within the time, but did not, could not operate to defeat a title he already held. Notice of an unrecorded deed affects only those, who having notice of it, undertake to acquire title against it, which the law will not permit, as it would operate a fraud upon the holder of such title.

There is no analogy between an unrecorded conveyance, and a defective levy. A deed passes the title between the parties, and recording is only necessary to give notice of it to the world; while a levy so long as it lacks any of the statute requisites, is wholly insufficient to affect the title, even as between the parties.

In *Morton et al.* v. *Edwin* before cited, it is said by the court, in speaking of levies: "Hence all the statute requisites to the passing of the title must have been complied with. They are in the nature of conditions precedent. The recording of the execution in each of the offices is as much a prerequisite to the passing of the title, as the levy itself."

The counsel of the defendant has cited us to various decisions in Massachusetts and Maine, in support of the defendant's claim,

that his levy would hold good against the orator if he had notice in fact of his levy.

The Massachusetts statute provides that " goods and estate attached shall be held for thirty days after the judgment in order to their being taken in execution." And in case of levy on real estate that " the officer shall return the execution with a certificate of his doings thereon into the clerk's office to which the same is returnable, and shall also within three months after the levy is completed, cause the execution and return to be recorded in the registry of deeds for the county in which the land lies."

It has been decided in that state that the levy is good between the parties, if the levy is not recorded within the three months; and also that if proceedings are actually commenced toward making a levy within the thirty days they may be completed afterwards, and will relate back to the day of commencement. The statute of Maine is very similar to that of Massachusetts, and the decisions under it have been similar. They seem to treat the levy itself as passing the title between the debtor and creditor, and the recording like the recording of a deed, as merely for general notice to the world. In this respect they have taken entirely a different view from that taken by our court, and by the Connecticut court. This is one of the cases where decisions of other states can have but little influence, unless their statutes, under which they are made, are identical with ours; and the citation of their statute, shows how different it is from ours. But an examination of all the cases cited has not enabled us to find one where notice of a levy in fact, not followed by a recording within the time required by the statutes, has been held good to preserve a lien under an attachment, against one who had acquired a title from the debtor previous to the levy, either by attachment or conveyance, and I doubt if any such case exists. And in *Pope* v. *Cutler*, 22 Maine 105, the general statement in some of the Massachusetts cases, that creditors or purchasers having knowledge of a levy, can not avoid it, is treated as being very doubtful law.

But whatever may be the doctrine held by those courts under their statute, they have little application here, under a statute so very different in its provisions, and so far as our statute has received any settled construction by our own courts, we should feel bound to follow it, as uniformity, and stability of decision become specially important, upon a branch of the law so largely affecting the titles to real estate, as those decisions become rules of property, and any change in them tends to unsettle titles.

We are satisfied, that by the general tenor, and spirit of all the decisions in this state, the levy in question was not so perfected within the five months as to become connected with the attachment, and that therefore the defendant's title under his levy must be regarded as subsequent to the orator's mortgage, and subject to pay it, or be foreclosed.

Decree affirmed.