## JOHN H. WHIPPLE *v.* MOSES SHELDON ET AL.

*When sale of real estate upon execution must be completed to retain attachment lien. Consideration.*

1. No. 139, acts of 1884, providing that the appropriation of real estate upon execution might be by sale, and not by set-off, did not affect the statutory provisions as to lien by attachment.
2. The sale of real estate upon execution must be completed within five months from the rendition of final judgment in order to preserve an attachment lien.
3. The orator attached the land as the property of P., and afterwards obtained judgment and sold the same upon execution. Two days after the attachment defendant took a conveyance of it from P. The execution sale was not completed until seven months after final judgment. *Held,* that the orator had not connected the sale with the attachment, and that the title of the defendant was superior, if he bought the premises in good faith.
4. Further, that there was nothing in the case to show bad faith upon his part, although the consideration named in the deed was nominal; the real consideration being an arrangement between P. and defendant by which defendant bought certain other property in addition to which P's equity in this was to be conveyed.

Bill in chancery, by John H. Whipple against Moses Sheldon and Merritt Sheldon. Heard at the December term, 1888, Bennington county, upon pleadings and master's report. Taft, chancellor, dismissed the bill *pro forma.* The orator appeals.

The facts as to the record title sufficiently appear in the opinion. As to whether the defendant was to be considered a *bona fide* purchaser, the master reported as follows:

"One Paddock owned and occupied a farm, known as the Richardson farm, and in connection therewith the parcel in dispute, known as the 102-acre piece. The Richardson farm was mortgaged for more than its value. The 102-acre piece was also mortgaged, but Paddock's equity was fairly worth $100. Richardson had foreclosed his mortgage and was endeavoring to

shorten the time of redemption. Thereupon an arrangement was made between Paddock and defendant, Moses Sheldon, by which it was agreed that if defendant could obtain a suitable deduction from the Richardson mortgage, he was to pay that up and take a conveyance of the Richardson farm, in which event Paddock was to convey to him, without further consideration, his equity in the 102-acre piece."

The reduction in the Richardson mortgage was obtained; Paddock deeded that farm to Richardson, who conveyed to the defendant; and then Paddock, for the nominal consideration of one dollar, quit-claimed the 102-acre piece to defendant. The defendant paid more for the Richardson mortgage than he would but for Paddock's promise to deed the 102–acre parcel.

*J. C. Baker* and *J. G. Martin,* for the orator.

The orator has the superior title. His attachment was made before the execution of the defendant's deed, and his execution levied within five months from the rendition of judgment.

Defendant is not a *bona fide* purchaser. He paid no consideration whatever.

*W. B. Sheldon,* for the defendants.

The orator did not complete the sale on execution until more than five months after the rendition of final judgment, and therefore did not connect the sale on the execution with the attachment. *Ellison* v. *Wilson,* 36 Vt. 60.

The opinion of the court was delivered by

TYLER, J. This case was heard upon the bill, answer and master's report. The controversy concerns the respective interests which the parties to the suit claim to have acquired to a certain tract of land situated in Dorset; the orator by an attachment upon a suit in his favor against H. N. Paddock, the owner of the land, followed by a sale on execution; and the defendant

Whipple *v.* Sheldon et al.

by virtue of a deed from Paddock, executed and recorded some two days after the attachment.

No. 139, Acts of 1884, does not repeal chapter 83, R. L., relating to levy of executions; it is an amendment of and an addition thereto. Sec. 1 of the Act provides that: " All lands and rights mentioned in Sec. 1565 of the Revised Laws, may, instead of being appraised and set-off to the creditor, be sold on execution in the manner hereinafter prescribed, and all proceedings for the satisfaction of executions by appropriation of real estate, shall be under the provisions of this act, unless the debtor shall elect in writing to proceed by appraisal and set-off as now provided by law." It therefore appears that until the Act of 1886, No. 65, was passed, it was at the election of the debtor to have his execution creditor proceed either by appraisal and set-off under the old statute, or by sale under the new one. By the Act of 1886 the right of election was taken away and all proceedings for the satisfaction of executions by the appropriation of real estate were required to be by sale.

Sec. 1542, R. L., provides that real estate attached on mesne process shall be held five months after the rendition of final judgment, and no longer. It was held in *Ellison* v. *Wilson, et al.*, 36 Vt. 60, that it was intended by this statute that when the five months ended, the lien by attachment ended, and that the creditor's right to avail himself of his attachment lien also ended unless he had made a perfected levy within that time.

In this case the land in dispute was sold on the execution more than seven months after the rendition of the judgment. As the former statute, R. L. Sec. 1542, which fixed the time during which real estate attached on mesne process should be held to respond to final judgment, remained unchanged by the Act of 1884, the orator was bound to comply with the requirements in order to preserve his attachment lien. By his failure to connect the sale on the execution with the lien created by the attachment, the lien was lost, provided the defendant was a *bona fide* purchaser.

Whipple *v.* Sheldon et al.

The master reports that the defendant would not have purchased the Richardson farm, to which the 102-acre tract was adjacent, nor paid the price he did, but for an agreement with Paddock that the latter tract should be included in the purchase, which facts clearly import a consideration. There is no finding that the defendant acted in bad faith in making the purchase. His motive seems to have been to save his debt against Paddock. It is unnecessary to consider the other questions arising upon the report.

*Decree reversed and cause remanded with mandate that the bill be dismissed.*

Munson, J., did not sit, having been of counsel.