JOHN HUTCHINSON *et al.*

*v.*

JOHN S. COONLEY.

*Opinion filed April 20, 1904.*

1. EJECTMENT—*when ejectment cannot be maintained.* Ejectment cannot be maintained against parties in possession of land under contract of purchase until they make default in performance.

2. SAME—*when offer of performance comes too late.* In ejectment against a party in possession of land under a contract of purchase, offer by the vendor to comply with the contract at the trial comes too late and should not be made before the jury, since the rights to be determined are those existing at the time suit was begun.

APPEAL from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

This was an action of ejectment, brought in the circuit court of Cook county by John S. Coonley, appellee, against John Hutchinson and his wife, Annie Hutchinson, appellants, to recover two certain lots in the city of Chicago. Both parties claim title from Imogene L. Hanchett

Cobb, formerly Imogene L. Hanchett. At the conclusion of all the evidence the jury returned a verdict for the plaintiff, Coonley, in compliance with a peremptory instruction which was given upon his motion.

The evidence in chief on the part of the plaintiff consisted of three deeds,—one dated October 1, 1892, from Imogene L. Hanchett Cobb to Frank J. Hanchett; one dated August 21, 1893, from Frank J. Hanchett to Buell M. Cobb, and one dated December 12, 1898, from Buell M. Cobb to John S. Coonley, the appellee.

The evidence of the defendants tended to show that on July 22, 1887, John Hutchinson and Annie Hutchinson purchased the lots in question from Imogene L. Hanchett for the sum of $400, agreeing to pay therefor $50 down and the balance at the rate of $10 per month; that John Hutchinson was a carpenter, and it was agreed that the $10 per month could be paid either in cash or in carpenter work done for Imogene L. Hanchett; that no deed was delivered or writing signed when the sale was made, but that on the following day Imogene L. Hanchett called at the Hutchinson home and John Hutchinson there paid her the $50 which it had been agreed should be paid down, and received the following writing signed by her:

"SOUTH ENGLEWOOD, *July 23,1887.*

"Received of John Hutchinson fifty dollars ($50) to apply on lot, said lot to cost four hundred dollars ($400).

IMOGENE L. HANCHETT."

that about a week after the sale of the lots Imogene L. Hanchett stated to John Hutchinson that she was under contract with the person from whom she had purchased the lots to erect a house thereon during the fall of 1887, and offered to advance the money for materials to be used in constructing such house if Hutchinson would build it; that this offer was accepted and the house was erected according to the agreement; that appellants moved into the house on October 6, 1887, completed it that fall and have resided there ever since; that the agreement con-

cerning the lots and that concerning the house were entirely separate transactions; that it was agreed that all payments, either in cash or work, were to be credited on the purchase price of the lots until the $400 was paid; that appellants paid to Imogene L. Hanchett more than $400, in cash and work, between July 22, 1887, and February, 1889, the last of such payments being made during the latter month; that after February, 1889, she was on several occasions requested to execute a deed to the lots, but that, although admitting that the lots were fully paid for, she refused to execute such deed until all other financial matters between them were adjusted.

On November 8, 1889, John Hutchinson and wife and Imogene L. Hanchett signed the following instrument:

"This agreement witnesseth, that the matters of business between Imogene L. Hanchett, of South Englewood, Cook county, Illinois, and Anna Hutchinson and John Hutchinson, of the same place, have been all adjusted, and it is agreed by and between them that there is this day due to said Imogene L. Hanchett from said Anna Hutchinson and John Hutchinson, on account of the sale of lots three and four (3 and 4), in block fourteen (14), in W. O. Cole's subdivision of the north $90\frac{37}{100}$ acres of part of the north-east quarter of section 5, town 37, north, range 14, east, third principal meridian, in Cook county, Illinois, and all improvements thereon, and for all moneys advanced to them by her for purchase of horse and all other advances, the sum of $2143.16. For this balance to be adjusted by the assumption of a mortgage of at least $1000, with interest at seven per cent, payable half-yearly; a payment in cash of at least $500, to be paid in cash, and balance to be secured by second mortgage payable in five years after date, with interest at seven per cent, half-yearly, with privilege to pay sums of $50 or more at any payment of interest on the principal sum. It is understood that the mortgage of $1000 shall be payable on or before maturity. This contract to be consum-

mated so soon as the abstract and papers are furnished and examined within fifteen days, or as much sooner or as soon thereafter as the deed is ready and the title accepted."

Previous to signing the above instrument, Imogene L. Hanchett, without the knowledge of the appellants, had executed a trust deed on the lots in question to one Waughop to secure three promissory notes, each for $1000.

The evidence for appellants tends to show that after signing the instrument of November 8, Imogene L. Hanchett refused to carry out the terms thereof; that she submitted an abstract of title to Lowrey, the legal adviser of appellants, which showed the trust deed of $3000 to Waughop to be a lien upon the lots; that Lowrey objected to the title because of the abstract, and told her that as soon as it was adjusted he would pay the $500, but that she refused to do anything about the mortgage, and stated that she would not carry out the agreement of November 8; that afterwards Lowrey tendered to her $500 in gold, and requested that she execute a deed to the premises "and straighten up the deal with them," but that she refused to accept the money "or have anything further to do with the deal." The evidence does not show that any specific offer was made by appellants to assume a mortgage of $1000 nor any tender of or offer to execute a second mortgage. According to Lowrey's testimony the $500 in gold was placed in the bank and was subsequently checked out by him in the payment of personal claims, and there were numerous occasions thereafter when he did not have that amount of money on deposit in the bank.

According to the testimony of one Arnold, during the first part of August, 1899, he, Arnold, acting on behalf of appellee, went to the Hutchinson home and there tendered to John Hutchinson a warranty deed to the property, signed by Coonley and wife, as grantors, to John Hutchinson and Annie Hutchinson, grantees; also an ab-

stract of title to the lots; and that he offered to have canceled two of the notes secured by the mortgage, leaving one note for $1000 unpaid but with interest thereon paid to date; that Hutchinson said he knew nothing about what Arnold was tendering and would have nothing to do with it. John Hutchinson testified in reference to this transaction, that Arnold called at his house with papers in his hand and stated that he wanted to get a settlement between Hutchinson and Coonley; that he said he was ready with the abstract and deed; that he handed witness the agreement of November 8, but that witness handed it back to Arnold and told him that Lowrey, his attorney, had instructed him to have no dealings with Arnold in the matter, but to send Arnold to him, Lowrey.

Nothing further was done by any of the parties towards carrying out the agreement of November 8, 1889, up to October 19, 1899, the date when this suit was commenced.

The action of the court in directing a verdict for the plaintiff is urged as the cause for a reversal of the judgment below.

FREDERICK ARND, (CHARLES ARND, of counsel,) for appellants.

ARTHUR W. UNDERWOOD, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

We regard the rights of the parties under the contract evidenced by the receipt as being merged in the written agreement of November 8, 1889. After the execution of that agreement Hutchinson and wife were purchasers in possession under a contract of purchase, and a suit in ejectment could not be maintained against them until they had in some manner made default in the performance thereof.   *Stow* v. *Russell*, 36 Ill. 18; *Kilgour* v. *Gockley*, 83 id. 109; *Chicago and Eastern Illinois Railroad Co.* v. *Hay*, 119 id. 493.

The first thing in point of time required by this contract was that Imogene L. Hanchett should furnish an abstract showing title in her, as contemplated by that contract, namely, a title subject only to a mortgage securing a note for $1000, due one year after date, with interest at seven per cent, payable half-yearly, principal and interest payable on or before maturity, at the option of the payor. This was a condition precedent, with which she had to comply before the Hutchinsons were under obligation to do anything at all. *Howe* v. *Hutchison*, 105 Ill. 501.

Shortly after November 8, 1889, she did furnish an abstract, but it showed a trust deed on the property in favor of John W. Waughop for $3000, and was objected to for that reason. She had placed this encumbrance on the property after its sale to the Hutchinsons without their knowledge.

The evidence tends to show that thereafter the Hutchinsons tendered her the $500 which they were to pay in cash, and requested that she close the matter up in accordance with the terms of her agreement, but that she refused to accept the same and then stated that she would not carry out the contract. The evidence shows that this tender has not been kept good. That is a matter of no consequence, as there was no occasion to make it until an abstract was furnished in accordance with the terms of the contract. Such an abstract never has been furnished.

In August, 1899, one Arnold, acting for appellee, offered to John Hutchinson a warranty deed for the property, signed by the then owners thereof, accompanied by an abstract of title to the lots certified to April 29, 1899, which still showed the Waughop trust deed for $3000. The debt thereby secured was evidenced by three notes of $1000 each. At the time of making the tender Arnold offered to surrender two of these notes and credit interest on the third to that time. The deed so offered recited

that it was subject to an encumbrance of $1000. This was not a compliance with the contract in reference to furnishing the abstract. Appellants were entitled to an abstract certified down to the date of its delivery, or as near thereto as it could be certified in the orderly transaction of business. Further, this abstract showed a trust deed on the property securing three notes for $1000 each. It should have shown satisfaction of that instrument to the extent of two of the three notes by it secured, or should have been accompanied by an instrument, signed by Waughop, showing satisfaction to that extent. What authority Arnold had to deliver the notes does not appear, and it is not claimed that he made any offer or had any authority to have the mortgage satisfied *pro tanto* of record. At this time John Hutchinson, who from his testimony does not appear to have been a man of much business ability, referred Arnold to his attorney, but Arnold did not take the matter up with him.

The evidence does not show that appellants have ever been in default. The condition of the title, as shown by the abstract, has never been such that the Hutchinsons could have accepted a deed from appellee or his grantors as a substantial compliance with the contract. At all times since the execution thereof the amount secured by the trust deed on the property has exceeded the amount of the unpaid purchase money mentioned in the agreement.

On the trial counsel for appellee offered in open court to comply with the contract. This offer avails nothing and was not properly made in the presence of the jury, as the rights to be determined in the case are those that existed at the time suit was commenced.

It was error to instruct the jury to find for plaintiff.

The judgment of the circuit court will be reversed and the cause remanded. *Reversed and remanded.*