MARY J. REYNOLDS v. LEE BEAN.

May Term, 1916.

Present:  MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed February 15, 1917.

*Husband and Wife—Suit to Recover Lands of Wife not held to her Sole and Separate Use—Parties Plaintiff—Non-Joinder —Practice Act—Bill of Exceptions—Construction—Levy of Execution—Rights of Third Party after Lien of Attachment of Real Estate has been Lost—Execution Sale—Rights of Purchaser—Ejectment—Default on part of Purchase, under Executory Contract of Sale of Real Estate—Burden of Proof—Officer's Return upon Execution—Amendment— Remand when Allowance of Amendment is Prejudicial.*

A husband is a necessary party plaintiff in a suit brought by his wife to recover lands not held to her sole and separate use; because both husband and wife are seized jointly in the latter's right.

An action will not be defeated by the non-joinder of a necessary party plaintiff, where the trial court was not asked to correct the fault, although it was pointed out, under the Practice Act, No. 90, Acts 1915 §9.

A bill of exceptions will be construed against the excepting party.

When the lien of an attachment upon real estate has been lost, as provided by P. S. 2147, a levy of execution is subject to the rights of one who is in possession under an executory contract of sale executed between the dates of the attachment and the levy.

The purchaser at an execution sale of real estate acquires, by the sheriff's deed, whatever rights the judgment debtor had in the premises sold.

Where the vendee in possession under an executory contract for the sale of land makes default under the contract, the vendor may maintain ejectment, and, since the possession of the vendee is rightful at the start, and only becomes wrongful upon his default, the burden of showing the default is on the vendor, and when there is no finding that the vendee is in default, the vendor cannot recover.

An amendment of an officer's return upon an execution will not be allowed when the rights of third persons, acquired *bona fide* and without notice, are prejudiced thereby.

EJECTMENT. Plea, the general issue. Trial by court at the December Term, 1915, Windsor County, *Miles*, J., presiding. Judgment for the plaintiff. Defendant excepted. The opinion states the case.

*Herbert H. Blanchard* and *Herbert G. Tupper* for defendant.

The real estate for which this action is brought was not conveyed to the wife to her sole and separate use, and the husband has the right to possession and control of the property and should be joined as party plaintiff. *Laird* v. *Perry*, 74 Vt. 454; *Bishop* v. *Readsboro Chair Mfg. Co.*, 85 Vt. 144; *In re Nelson's Will*, 70 Vt. 130; *Dietrich* v. *Hutchinson*, 73 Vt. 134; *Park* v. *Pratt*, 38 Vt. 545; *Ainger* v. *White's Admx.*, 85 Vt. 446; 1 Chitty, Pleading, § 64.

The lien of the attachment having been lost, defendant's title was superior to the levy of execution. An attaching creditor acquires no better title than the debtor has. *Holmes* v. *Caden*, 57 Vt. 111; *Perrin* v. *Reed*, 35 Vt. 2; *Hackett* v. *Callendar*, 32 Vt. 97; *Hart* v. *Farmers and Mechanics Bank*, 33 Vt. 252; P. S. §§ 2124, 2182; *Whipple* v. *Sheldon*, 63 Vt. 197; *Ellison* v. *Wilson*, 36 Vt. 60; *Byers* v. *Wheatley*, 3 Baxt. (Tenn.) 160.

An amendment of an officer's return of a levy after it has been recorded will not be permitted if the rights of *bona fide* purchasers are thereby impaired. *Barnard* v. *Stevens*, 2 Aik. 429; *Freeman on Executions*, §§ 360, 388; *Peaks* v. *Safford*, 78 Me. 362; *Jackson* v. *Esten*, 83 Me. 162.

*Pingree & Pingree* and *Raymond Trainor* for the plaintiff.

POWERS, J. This is an action of ejectment brought by a married woman to recover lands belonging to her, but not held to her sole and separate use. Judgment below was for the plaintiff on facts found by the court, and the defendant's exceptions to this judgment present the only questions for our determination.

The first point raised by the defendant is that the judgment cannot stand because the husband should have joined in bringing the action.

The husband's common law relation to the lands of the wife not held to her sole and separate use was peculiar. He was not alone seized thereof,—nor was she; but the two were seized jointly in her right. If there was a disseizin, both were disseized,—the entire joint estate was affected. It was necessary therefore, when suit was brought to recover such lands, for them to join therein, and neither could sue alone; for it was elementary that all persons between whom there is a unity of legal interest must join as plaintiffs. 1 Bishop, Mar. Women, 576; 1 Chit. Pl., (14th Am. Ed.) 74; Com. Dig., Bar. & Feme, V; *Bratton* v. *Mitchell,* 7 Watts (Pa.) 113; *Guion* v. *Anderson,* 8 Humph. (Tenn.) 298.

There is nothing in our statutes or decisions changing this rule, and the husband was a necessary party to this suit. But his non-joinder does not defeat the action. The fault was sufficiently "pointed out," and the court might have corrected it, No. 90, Acts of 1915, § 9. But it was not asked to do so, and no exception was taken to its neglect so to do; so no error appears, *Burnett* v. *Larrow,* 91 Vt. 190, 99 Atl. 729, for the only ruling requested was properly denied. *Louisville & Nashville R. Co.* v. *Parker,* 242 U. S. 13, 37 Sup. Ct. 4, 61 L. ed. 119.

The plaintiff obtained her title through an execution sale. It appears that on December 22, 1909, Electa Bean's administrator attached the premises in question in an action against Joseph S. Bean, who then owned them. This attachment was made by copy in the town clerk's office and no question is raised as to its legal sufficiency. The suit proceeded to a final judgment for the plaintiff in this Court at its October term, 1912. On December 2, 1912, execution regularly issued and was levied on the premises here sued for. Construing the bill of exceptions, as we are bound to, in the plaintiff's favor, we understand that this levy was made on January 30, 1913, and that on that day the attaching officer lodged in the proper town clerk's office a true and attested copy of the execution with a proper description of said premises and a sufficient return thereon. Thereafter, by proceedings not here brought in question, the officer proceeded to a sale of the property here in question to this plaintiff. This execution sale was on April 7, 1913,—more than five

months after final judgment was rendered in the case. On February 4, 1914, the officer conveyed the land to the plaintiff.

In the meantime, on October 1, 1910, which it will be observed was between the dates of the attachment and the levy, Joseph S. Bean and his wife executed and delivered to the defendant a written contract wherein they agreed to sell to him, and he agreed to buy from them, the premises in question, on certain terms and conditions therein specified. The defendant took possession under this contract and has continued in possession of the premises thereunder, claiming to be the owner. This contract was not acknowledged or recorded, and there is no finding that it was not made in good faith.

By the failure of the officer to complete the execution sale within the five months (P. S. 2147), the lien of the attachment was lost, and the plaintiff gets no advantage from it. *Ellison* v. *Wilson,* 36 Vt. 60; *Whipple* v. *Sheldon,* 63 Vt. 197, 21 Atl. 271. And the levy of the execution, being made when the defendant was in possession as a vendee under an executory contract of purchase, was subject to such rights as the law gives to one so situated.

That the plaintiff acquired under her deed whatever rights Joseph S. Bean had in the premises,—assuming for the moment the validity of the execution sale,—cannot be denied. So we proceed to consider what those rights were.

There is some conflict in the authorities on the subject of the relative rights of vendor and vendee under contracts of this character, but the law is pretty well settled that when the vendee makes default under the contract, the vendor may maintain ejectment for the premises. Though some may hold otherwise, it is established by the best reasoned cases that the burden of proof in such cases is on the plaintiff. The possession of the purchaser is rightful at the start, and only becomes wrongful upon his default. *Bennett* v. *Caldwell,* 9 Wall. 290, 19 L. ed. 712. And until such default, the vendor cannot maintain ejectment. *Hicks* v. *Lovell,* 64 Cal. 14, 27 Pac. 942, 49 Am. Rep. 679; *Hutchinson* v. *Coonley,* 209 Ill. 437, 70 N. E. 686. It is apparent that Judge Redfield had this rule in mind when he said in *Downer* v. *Richardson,* 9 Vt. 377, that in all contracts for the sale of real estate or any interest therein, the vendor cannot put the vendee out of possession of the land unless the vendee fails

to perform the stipulations on his part. It logically and necessarily follows that the burden of showing the default is on the plaintiff. Newell, Eject., § 159; *Talley* v. *Kingfisher Imp. Co.,* 24 Okl. 472, 703 Pac. 591, 20 Ann. Cas. 352; *Roland* v. *Fischer,* 30 Ill. 224.

There is no finding that the defendant is in default under his contract, and the burden being on the plaintiff, her judgment cannot stand.

At the trial the court allowed the officer to amend his return on the execution. But assuming that any question on that account is before us, the defendant has no legal ground of complaint. The rule allowing an officer to amend his return to correspond with the facts is very liberal. Amendment will not be allowed when the rights of third persons, acquired *bona fide* and without notice, are to be prejudiced. But this defendant's rights will not be prejudiced since under our holding, the plaintiff takes subject to them, and he is only to be required to do what he has agreed to do. The record sufficiently shows that this question was not considered below and in the circumstances, the case will be remanded that trial thereon may be had if desired.

*Reversed and remanded.*