**Dutch Hill Inn, Inc. v. Harry Patten, The Heartwellville Restaurant, Inc., and The American Land Development Company, Inc.**

[282 A.2d 815]

No. 60-71

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed October 5, 1971

*Holden & King,* Bennington, for Plaintiff.

*Stephen H. Gilman,* Bennington, for Defendants.

**Smith, J.** The plaintiff corporation brought a Bill of Complaint in Chancery against the various named defendants seeking an accounting for all income and assets accruing to the defendants unjustly as a result of their action on the premises, and payments for all sums found due to the plaintiff. In the alternative, the plaintiff sought specific performance of an alleged agreement by defendant Patten to purchase the capital stock of the plaintiff, together with damages.

The cause was referred to a Special Master in Chancery, who filed findings with the Court of Chancery. All parties expressed dissatisfaction with the findings as filed, and stipulated that the Chancellor, notwithstanding the Master's report, might make findings and order on the basis of the pleadings, requests to find, transcript and exhibits before the Master.

Such findings were made by the Chancellor and a judgment order issued thereon holding that the plaintiff was not entitled to the relief sought in its bill of complaint and entering judgment for the various defendants, with costs. The plaintiff has appealed from the judgment order and certain findings of fact.

Dutch Hill Inn, Inc., is a Vermont corporation, formed in early 1969, for owning and operating restaurants and motels. Apart from the three qualifying shares, its capital stock is owned by James and Nancy Voris, then of Readsboro, Vermont.

For a short time, Dutch Hill Inn, Inc., hereinafter called Dutch, operated an inn and restaurant, with first and third class liquor licenses, in real estate in Readsboro which, as well as most of the personal property used, was owned by the Vorises.

Defendant Patten is an individual residing at Stamford, Vermont. Heartwellville Restaurant, Inc., hereinafter termed Heartwellville, as well as American Land Development Company, Inc., hereinafter termed American, are both Vermont corporations, and defendant Patten is, and was, President and principal stockholder, of both corporations. Heartwellville Lodge is an Inn property located about a mile from the Dutch Hill Inn. In the spring of 1969, it was owned by a party named Crosier, and Patten was negotiating for its purchase, either by himself or by American. Possession was taken before the sale was completely consummated, either by Patten or his corporation.

During June of 1969, Voris and Patten entered into an oral agreement, the terms of which the Chancellor found to be vague and uncertain, but that it was essentially a partnership, to which finding the plaintiff has excepted.

The plaintiff has submitted that error of the Chancellor included:

"1. Finding that the operation at Heartwellville Lodge was a personal partnership.

2. Disregarding the substantial evidence as to the operations of plaintiff corporation at Heartwellville Lodge.

3. Disregarding the substantial transfers, without right, of the assets of plaintiff corporation to the defendants 'as a natural bookkeeping transaction'."

Before considering the question presented, we first turn to the bill of complaint of the plaintiff to see what relief was sought in this action. The first relief sought was that the defendants be ordered to account to the plaintiff for all income and assets accruing to the defendants unjustly as a result of their action in the premises. Next, the defendants be ordered to pay plaintiff all the damages wrongfully sustained in the premises, including any losses that the defendants may have incurred in their operations of the premises. And, in the alternative, that plaintiff may have specific performance of the agreement by Patten to purchase the capital stock of the plaintiff, together with such damages as the plaintiff may be entitled in the premises.

After a reading of the exhaustive transcript of the hearing before the Master, we agree with the Chancellor that the oral agreement entered into between James Voris and defendant Patten is both vague and in dispute. It is unclear from the conflicting testimony as to whether Voris was acting for himself or for Dutch in making the agreement with Patten. The Chancellor found that the parties agreed that Heartwellville was to be operated with the Dutch liquor and restaurant license transferred to the new location. Patten and Voris were each to put $4,000.00 into the new enterprise and to split losses and profits fifty-fifty. Provisions were made for both Patten and Voris to be paid for their monthly services, with Voris and his wife to draw $1200.00 per month, and Patten to receive $600.00 for his services. There were various incidental provisions as to living expenses, automobile usage and the like. The Chancellor found this agreement to be a partnership agreement between Voris and Patten, and, despite the objection of the plaintiff, such finding is supported by credible evidence before the Chancellor, even if such evidence was conflicting. *Anderson* v. *Knapp*, 126 Vt. 129, 134, 225 A.2d 72 (1966). No error is found.

In June of 1969, operation was commenced at Heartwellville and ceased at Dutch. The Heartwellville location was acquired by American, and some rental was paid to American by the partnership. A bank account was maintained under the name of Dutch Hill Inn, Inc., d.b.a. Heartwellville Restaurant. Both Voris and Patten were authorized signatures, and books

of account were kept on the premises, with an accountant managing the entries.

In October, 1969, Patten offered to "sell out" to Voris for $7,000.00. In return, Voris offered to sell to Patten for the same amount, and he left the operation. Voris claims an agreement with Patten to buy his interest in Dutch on specified terms. Before leaving the state, he left the stock certificates of Dutch with his attorneys, endorsed in blank, stating that they were to be turned over to Patten upon payment. Such payment was never made.

It will be remembered that part of the relief sought by the plaintiff in this action was specific performance of this alleged agreement between Voris and Patten. But, as the Chancellor correctly found, Dutch, the plaintiff in this case, was not a party to this agreement. Further, neither James nor Nancy Voris were parties to the litigation. At one period, before the Master, the plaintiff moved to join them as parties, but then withdrew the motion. While the court, on its own initiative, might have added Voris and his wife as parties in the case, it did not do so. 12 V.S.A. § 1071(b).

■■ The agreement which Voris claimed to have with Patten, by which Patten was to buy the stock owned by Voris and his wife in Dutch, was not an agreement between Dutch and Patten. Dutch, as far as the record indicates, did not own any of its own stock. Such alleged agreement was between Voris and his wife and Patten for the sale of stock owned by Mr. and Mrs. Voris, as individuals, and was not one between the corporation, that is the plaintiff in this action, and Patten. It follows that the petition for specific performance of this contract, which is part of the relief sought by the plaintiff in this action, was not a right of plaintiff Dutch, but one which could only be sought by Mr. and Mrs. Voris, who were not parties. The Vorises, not having been added as parties to the action, could not recover under the bill of complaint.

There was a great deal of testimony before the Master relative to the financial operations of the Heartwellville Restaurant, as well as to the assets of Dutch, which were transferred to Heartwellville, and the termination by the accountant of the defendants, of the interest of Dutch in the operation and assets. While the Chancellor did find that the liquor licenses of

Dutch were transferred to Heartwellville, he purposely failed to make any findings relative to an accounting between the parties.

The conclusion of the Chancellor was that because the agreement between Patten and Voris was one of partnership, that the plaintiff corporation had no rights to be adjudicated here. This conclusion we believe to be incorrect.

■■ Whatever the agreement may have been between Voris and Patten, Voris did not have the legal authority to sell the assets of Dutch corporation. Such sale can only be authorized by a vote of the stockholders of a corporation, and such stockholders meeting was never held by Dutch. 11 V.S.A. §§ 161–162(a). Dutch was not a party in the agreement between Voris and the defendants.

Although the Chancellor found in Finding 6(d) that "Dutch Hill's only involvement of substance was the transfer of its liquor license . . ." the entries on the books by the accountant retained by the parties disclosed the transfer of certain assets of Dutch Hill Inn, Inc. to Heartwellville Restaurant, Inc. The Chancellor made no findings with respect to such transactions because of his finding that Dutch Hill Inn was not a party to the transaction. But whatever loss Dutch Hill Inn, Inc., suffered as a result of the transaction entered into, although it was not a party to such transaction, it is entitled to be compensated for in the action brought by the corporation to recover its losses.

■ The plaintiff has asked this Court to enter up judgment here for it, basing such judgment upon the testimony of the accountant given below. However, such accounting and the determination of what amount may be due the plaintiff is a fact finding matter and must be done by the hearing court.

For the reason that the case must be remanded, we suggest that the application of V.R.C.P. 19 may well be applied to the petition for specific performance. While the Chancellor cannot be put in error for his failure to intervene and join the Vorises as parties plaintiff, it not having been requested, such error can be avoided on the remand. *Reynolds* v. *Bean,* 91 Vt. 247, 249, 99 A. 1013 (1917).

*The entry is "Reversed and remanded for further proceedings in accordance with the views expressed in this opinion."*