# In re Application of Quechee Lakes Corporation

[296 A.2d 190]

No. 165-71

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed October 3, 1972

*Robert J. O'Donnell, Esq.,* Woodstock, for Plaintiff.

*Philip H. Suter, Esq.,* and *H. Peter Norstrand, Esq.,* of *Sullivan & Worcester,* Boston, Mass., for Defendant.

**Keyser, J.** Quechee Lakes Corporation filed an application with the District Environmental Commission #3 on June 9, 1971, for a subdivision permit under 10 V.S.A. § 6083 seeking permission to develop an eleven lot subdivision, eleven dwellings and "Village Green" in the Village of Quechee which comprises a part of the town of Hartford.

The parties agreed that no transcript is necessary for a determination of the appeal. Rather they have tendered as the record various items of documentary evidence for our consideration. The following facts appear from these documents.

The district environmental commission #3 held a public hearing on the application of Quechee Lakes on July 6, 1971.

On July 26, 1971, the commission filed its Findings of Fact and Conclusions of Law. The commission concurrently with its findings issued a land use permit as applied for by Quechee Lakes Corporation allowing it to proceed with the proposed "Village Green" with certain conditional provisions.

The regional planning and development commission appealed from this decision to the Vermont Environmental Board on August 24, 1971, and requested a *de novo* hearing as provided by 10 V.S.A. § 6089(a) on its requested findings rejected by the district commission. Thereupon, the Board sought an opinion from the attorney general on the question of the statutory right of the planning commission to a hearing under 10 V.S.A. § 6085(c). Notice was given by the Board to all statutory parties on August 26, 1971, that action on the appeal would be held in abeyance pending receipt of the opinion. There was no objection advanced to this procedure.

Upon receipt of the attorney general's opinion, the Board on September 21, 1971, notified the regional planning commission and all other statutory parties, in part, as follows:

> "The Environmental Board received said opinion on September 20, 1971, and based on the information we have in this office that the Town of Hartford withdrew its membership in the Ottauquechee Regional Planning Commission in early August, your appeal dated August 24, 1971 is not acceptable to the Board, and, therefore, your check in the amount of $25 is returned."

On October 21, 1971, the regional planning and development commission filed (1) a motion to be heard *de novo* on its appeal to the Board; (2) its notice of appeal to the Supreme Court from the decision of the Board made on September 21, 1971, not to accept the commission's appeal; and (3) a motion for a stay of any further development under the permit. In its motion to be heard *de novo,* the appellant incorporated six questions concerning the legality of the withdrawal by the town of Hartford of its membership in the regional planning and development commission. The Board withheld its decision on the six questions pending receipt of a second opinion from the attorney general.

Thereafter, the Board by order dated December 6, 1971, unanimously denied the regional planning and development

commission's motion to be heard because "said commission is not a statutory party within the provisions of 10 V.S.A. Chapter 151 and would have no standing to be heard before the Vermont Environmental Board."

This case presents two problems. First, V.R.A.P. 13(d) requires that "In appeals from administrative boards or agencies, the record on appeal shall consist of . . .; and a certified statement of the question or questions of law to be reviewed prepared by the commissioner or presiding officer of the board or agency." The above rule has not been complied with although called to the appellant's attention. Thus, the record on appeal is not complete and the precise question or questions for decision are not before the Court.

Secondly, it appears from the facts at hand that the question raised is whether the planning and development commission is a statutory party within the provisions of 10 V.S.A., Chapter 151 and would have standing to be heard *de novo* before the environmental board.

The appellant claims the board improperly ruled against it on the question by refusing to accept its appeal. It asks this Court "to find that it was a party entitled to appeal the decision of the District Commission #3" and to order the Board to grant it a hearing *de novo*.

However, the determination of whether the planning commission is entitled to appeal is a fact finding matter and requires the environmental board to make findings of fact on the issue after a hearing is held.

The record is barren of any evidence or findings of fact on which this appeal can be decided by this Court. For this reason the case must be remanded to afford an opportunity for the parties to be heard on the issue apparently sought to be resolved. See *Dutch Hill Inn, Inc.* v. *Patten*, 129 Vt. 466, 471, 282 A.2d 815 (1971).

As the appellant says in its reply brief: "This question can only be answered after a proper hearing before the Vermont Environmental Board."

*Reversed and remanded for further proceedings in accordance with the views expressed in this opinion.*